## DELL *v.* ESTES AND CARTER.

APPEAL FROM ORDER CONFIRMING SHERIFF'S SALE.—The order of confirmation of a sheriff's sale on execution, is appealable.

IDEM.—The objections to a confirmation of a sheriff's sale on execution, allowed by the statute, must be filed within the time prescribed in the statute, and cannot be filed afterwards without leave obtained from the court.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Sidney Dell*, for appellant.

*H. B. Nicholas*, for respondents.

By the Court, WATSON, C. J.:

The appellant, Sidney Dell, claiming as assignee of Ira F. Powers, caused an execution to be issued on a judgment obtained by Powers against Levi Estes and C. M. Carter, in the county court of Multnomah county, on April 3, 1876. The execution was issued January 21, 1882, came into the hands of the sheriff of said county on the 23d day of said month, and on the day following was levied upon a large quantity of real property, situated within the city of Portland, in said county. A sale of the property so levied upon was had under said execution, on March 11, 1882, at which the appellant became the purchaser, and on the 22d day of said month the execution was duly returned and filed with

the clerk of said county court. On the 3d day of April following, that being the first day of the next regular term of said court, after the return of the execution, Dell appeared, and moved, as assignee of the judgment, that the sale be confirmed. On the same day, J. P. O. Lownsdale appeared, as assignee in bankruptcy of the estates of Estes and Carter, and filed objections to the confirmation of such sale. It was shown in these objections, that Estes and Carter had been adjudged bankrupts July 19, 1876; that he had been appointed assignee of their estates February 19, 1878, and that long prior to the issuance of the execution upon which the sale to Dell had been made, the register in bankruptcy had duly assigned all the property of Estes and Carter, including that sold on said execution, to the said Lownsdale, as such assignee.

The objections filed by Lownsdale also disclosed some irregularities in the proceeding of sale, and set forth the general condition of the property, to show that the manner of the sale was improper. Dell moved to strike the objections from the record, because not filed in time, and for other reasons. The county court refused to confirm the sale, and Dell appealed to the circuit court, when the same decision was rendered. From this decision he appeals to this court. We think his right to appeal, under the statute, is clear. The order of the county court, denying his motion, and refusing to confirm the sale, was " a final order affecting a substantial right, and made, in a proceeding after judgment," within the meaning of sec. 525 of the civil code. (*Code*, subdiv. 1, sec. 293; *Koehler* v. *Ball*, 2 Kansas, 160; *Moore* v. *Pye*, 10 *id.*, 246.)

Subdiv. 1, sec. 293, declares that the plaintiff in a writ of execution "shall be entitled, on motion therefor, to have an order confirming the sale, at the term next following the

return of the execution, or if returned in term time, then at
such term, unless the judgment debtor, or in case of his
death, his representative, shall file with the clerk, ten days
before such term, or if the writ be returned in term t'me,
then five days after the return thereof, his objections there-
to." The return, in the present instance, showed upon its
face regular proceedings throughout in making the sale, and
it was the imperative duty of the county court, under the
provisions of the foregoing subdivision, to grant the motion
to confirm the sale, unless it had a right to consider the ob-
jections interposed by Lownsdale, the assignee in bank-
ruptcy. We assume that Dell as assignee occupied the
same position in regard to the judgment that Powers did
previous to the assignment. (Freeman on Executions, sec.
21.) Whether Lownsdale, as assignee of the estates of
Estes and Carter, could, upon a proper showing, have ob-
tained leave of the county court to file his objections, after
the time for doing so allowed by the statute had elapsed,
under sec. 100 of the civil code, we are not called upon to
decide, as no attempt was made to get leave, and no order
was made concerning the matter. Without such leave first
obtained from the county court, they were improperly placed
on the files, and Dell's motion to strike them out should
have been sustained. That court had no right to consider
them, and its duty to grant the order of confirmation was
plain.

Judgment reversed.