[No. 420.  Decided March 7, 1890.]

## HOLLON PARKER v. GEORGE DACRES.

EJECTMENT — EVIDENCE — ESTOPPEL — CONFIRMATION OF FORECLOSURE
            SALE — SERVICE OF PROCESS.

Under § 66 of the civil practice act as amended by laws of 1871,
the sheriff was authorized, in ejectment, to serve the subpœna on ·
the defendant to answer the complaint, and his certificate as to the
facts of such service was sufficient proof thereof.

Where there are no errors sufficient to oust the court of jurisdic-
tion, an order confirming a sale under decree of foreclosure con-
cludes inquiry into irregularities attending the sale, such as depart-
ure from the terms of the decree, and from the course and practice
of the court.

In an action of ejectment, defendant may, under a general denial,
introduce evidence of equitable estoppel, where the complaint does
not state the source of plaintiff's title.

*Error to District Court, Walla Walla County.*

Plaintiff claims to recover the property described in the
complaint as owner in fee; defendant denies plaintiff's title,
and sets up title in himself.   Plaintiff put in evidence cer-
tain deeds dated respectively October 1, 1874, and April
29, 1876, from one Edward Sheil to himself.   Defendant
offered evidence to prove that on the 4th day of August,
1874, the property described in plaintiff's complaint was
sold at judicial sale under a decree in the case of *Almos H.*
*Reynolds v. Edward Sheil;* that said Sheil was present at
said sale, and made no objection to the sale, but stated at
the sale that he intended to redeem the property from the
sale, and that, in about one week after the sale, said Sheil
delivered possession of the premises to defendant, who was
the purchaser at said judicial sale; that defendant has ever
since held said premises, under and in pursuance of said
judicial sale.   Defendant also put in evidence a transcript
of the record in the case of *Almos H. Reynolds v. Edward*
*il,* and the sheriff's deed for the property sold.   Upon

the whole evidence the court instructed the jury to find for defendant.

The civil practice act of Washington Territory, as amended by laws 1871, provides: " Sec. 2. All common-law forms of action are hereby abolished, but the distinctions between actions at law and suits in chancery shall be preserved; and pleadings and proceedings in suits in chancery shall be as prescribed by the laws of the United States and by the rules prescribed by the supreme court of the United States for courts of equity of the United States." " Sec. 66. The writ of subpœna in chancery may also be served by the sheriff or his deputy as well as by the persons authorized by the rules in equity."

*A. E. Isham,* for plaintiff in error.

*B. L. & J. L. Sharpstein,* and *D. J. Crowley,* for defendant in error.

If there was any irregularity in the service of process, or in the manner of its service, the defendant should have taken advantage of such irregularity by some motion or proceeding in the court where the action was pending. Freem. Judg. (3d ed.), § 126; *Peck v. Strauss,* 33 Cal. 678; *Dorente v. Sullivan,* 7 Cal. 279; *Kipp v. Fullerton,* 4 Minn. 473; *Mooney v. Maas,* 22 Iowa, 380.

The order of the district court confirming the sale is, as to parties to this action, conclusive of the regularity of the proceedings concerning such sale. Laws, 1873, § 361, sub. 4; *Voorhees v. Jackson,* 10 Pet. 449; *Koehler v. Ball,* 2 Kan. 160; Herm. Ex. § 261; Rorer, Jud. Sales (1st ed.), §§ 122-7, 132; *Wilcox v. Raben,* 38 N. W. Rep. 844.

The evidence that Sheil, the defendant in the foreclosure suit, was present at the sale and made no objection, and placed the purchaser in possession, was properly admitted in evidence; and neither Sheil, nor any party claiming an interest in the premises under him acquired since the sale, have a right to impeach the same. *Wood v. Colvin,* 2 Hill,

566; *Noe v. Richard,* 5 Yeag. 216; *Bronson's Ex'r v. Chappell,* 12 Wall. 681; *Kirk v. Hamilton,* 102 U. S. 68; *Mather v. Hutchinson,* 25 Wis. 27; *Gould v. Sternberg,* 21 N. E. Rep. 628; *Stone v. Tyree,* 5 S. E. Rep. 878; *Bryan v. Kales,* 20 Pac. Rep. 311; *Fourniquet v. Perkins,* 7 How. U. S. 160; Herm. Est. 336, 349.

The opinion of the court was delivered by

HOYT, J. — This was an action of ejectment. In his complaint plaintiff claimed title in fee without in any way deraigning his title. Defendant for answer denied generally, and further pleaded that he held the premises in question by virtue of a sale thereof under a decree of foreclosure of a certain mortgage made by one Sheil, who at the time of the execution of said mortgage and of the sale thereunder, was the owner in fee.

Upon the trial, plaintiff introduced certain deeds showing a chain of title ending in Sheil, the maker of said mortgage, and also a trust deed made by said Sheil to him soon after the sale in said foreclosure proceedings, and a quitclaim deed from said Sheil made long after, and just before the commencement of this suit. Defendant, to meet the *prima facie* case thus presented, put in evidence the record and proceedings in said foreclosure suit, to show title, and also proved certain acts and statements of said Sheil, done and made at and after the sale under said decree of foreclosure, which in equity would estop said Sheil from afterwards asserting title adverse to said sale.

Plaintiff in his argument here practically concedes that, if said record and proceedings were properly in evidence, they constituted a good defense. He likewise practically concedes, that the acts and declarations of said Sheil, proved as aforesaid, were sufficient, if rightfully in the case, to constitute an *estoppel in pais,* and thus a perfect defense. Plaintiff, however, objected to the introduction of the said record and proceedings on various grounds,

and the main contention here has been upon errors as-
signed upon exceptions to the ruling of the court below,
in admitting the same in evidence against such objections.
He also objected to the admission of proof tending to
establish said equitable estoppel, and has duly assigned
error to the action of the court thereon.

Plaintiff's first objection to said record was that the sub-
poena to bring in the defendant to answer the complaint
was served by the sheriff of the county and not by the
United States marshal, or his deputy, or by any person ap-
pointed by the court to make such service, and cites § 2
of the civil practice act, as amended by the laws of 1871.
We think, however, that the general provisions of said
section was controlled by the special provisions of § 66
of the same act as thus amended; and that by virtue of
said last-named section the sheriff was authorized to make
the service in question. Nor can we agree with the fur-
ther contention of the plaintiff that even although the
sheriff was authorized to make the service, his certificate
as to the fact of such service was not proof thereof, as
such facts should have been shown by affidavit. We
think that under said section the sheriff was not only
authorized to make such service, but also that the return
thereof could be by certificate as in other cases. The
service and proof thereof were sufficient, and the court ob-
tained jurisdiction, and having jurisdiction of the subject-
matter and of the parties, most of the further objections
urged by plaintiff were clearly mere irregularities, which
could only be taken advantage of by appeal. See Freeman
on Judgments (3d ed.), § 126; *Peck v. Strauss,* 33 Cal. 678.

Plaintiff further urges that there was such a departure
from the terms of the decree, and from the course and prac-
tice of the court, in making the sale under said decree, as
to make such sale void. But we think there were no such
errors as would oust the court of jurisdiction; and this
being so, it follows that the order confirming the sale con-

13—1 WASH.

cluded inquiry into the irregularities attending the same, if any there were. See Rorer on Judicial Sales, §§ 113, 115; *Voorhees v. Jackson*, 10 Pet. 449. The record and proceedings were properly admitted in evidence, and the errors assigned thereon are not well taken.

The ground of the plaintiff's objection to the proof of the equitable estoppel was that the defendant could not be permitted to introduce evidence of this kind without having pleaded it in his answer, and cites several cases holding that in an action at law equitable defenses must be set up in the answer. This is perhaps true as a general proposition, and under the circumstances of the cases cited, it was doubtless correctly so ruled.

Had the plaintiff in this action set out fully his chain of title, so that it would have appeared that he claimed under said Sheil, it might have been necessary for defendant, in order that he might show acts of said Sheil, to have set out the same in his answer. But when, as in this case, a defendant is not at all advised as to the source of the plaintiff's title, he can content himself with a general denial, and thereunder introduce any legal evidence that tends to defeat the title of the plaintiff, as shown by his proofs. Any other rule would work great hardship to a defendant, while the enforcement of said rule cannot work hardship to a plaintiff, as he can, if he so desires, so shape his complaint as to compel defendant to fully disclose his defense in his answer. Said rule is not only in accord with our ideas of propriety and justice, but is also abundantly sustained by the authorities. *Kirk v. Hamilton*, 102 U. S. 68, was a case of ejectment like the one at bar, and was brought in a court where the distinction between legal and equitable defenses is more clearly defined than in this state; yet in that case evidence of an equitable estoppel, much like the one proved in this case, was admitted under the plea of not guilty, and the action of said court in thus ruling was sustained by the supreme court of the United States in an exhaustive opin-

ion by Justice HARLAN concurred in by the entire court. See also *Mather v. Hutchinson*, 25 Wis. 27.

The court below properly admitted proof of the equitable estoppel, and the record and proceedings in the foreclosure case were also properly in evidence, and as one constituted a complete legal defense, and the other estopped plaintiff from asserting any title that he might have had, the court had double warrant for directing a verdict for the defendant and entering judgment thereon; and its action in so doing must be affirmed, and it is so ordered.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.