[No. 3900. Decided September 4, 1901.]

OTIS BROTHERS & COMPANY, *Plaintiff*, v. L. B. NASH *et
al., Defendants;* JOHANNA E. BROCKHAUSEN, *as Assig-
nee of Judgment, Appellant;* L. B. NASH, *Respondent.*

APPEALABLE ORDER—QUASHING EXECUTION SALE.

An order setting aside an execution levy and sale is an
order made after judgment affecting a substantial right, and is
therefore appealable under Bal. Code, § 6500, subd. 7.

SAME—LIMITATION ON RIGHT OF APPEAL—WHEN BEGINS TO RUN.

Under Bal. Code, § 6502, which provides that an appeal from
any order, other than a final order, must be taken "within fifteen
days after the service of a copy of such order, with written
notice of the entry thereof, upon the party appealing," the fifteen
day limitation does not begin to run until compliance with the
statutory requirement of service of such written notice, irrespec-
tive of the fact of the appellant's having actual knowledge other-
wise of the entry of the order.

EXECUTION SALE—PETITION TO SET ASIDE—IRREGULARITIES CURED BY CONFIRMATION.

Where an execution sale has been confirmed without objection, the courts cannot take jurisdiction of a petition to quash and set aside the execution levy and sale, although attended by such irregularities as confusion between the dates of the sale notices and the date of sale, the sale of the land as an entirety without being offered in parcels, and its sale for a larger amount than was actually due.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*R. L. Edmiston* and *A. E. Gallagher,* for appellant.

*L. G. Nash* and *R. E. Porterfield,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On the 12th day of June, 1895, Otis Brothers & Company, a corporation, obtained a judgment in the superior court of Spokane county against L. B. Nash and others for the sum of $1,664.50, with interest thereon from date of judgment at the rate of eight per cent. per annum, and for costs taxed at $62.65. Thereafter, in the year 1895, a writ of execution issued under said judgment. A levy was made upon the property of said Nash, and a sale made in pursuance thereof to the amount of $500, which sale was afterwards confirmed by the court. On the 20th day of November, 1899, said Otis Brothers & Co. assigned said judgment to Johanna E. Brockhausen, and afterwards, at the instance of said assignee, a new execution was issued under said judgment, dated March 14, 1900. Said new execution made no mention of the $500 credit which should have been given by reason of the sale aforesaid, but commanded the sheriff to seize sufficient of said property to satisfy the whole amount of said judgment and costs, including interest thereon at the rate aforesaid. Afterwards a levy was made

upon real estate belonging to said Nash, and the same was sold by the sheriff to the said assignee for the sum of $1,650. The aggregate amount of the two sales was not sufficient to cancel the whole of said judgment, interest and costs. The sheriff's return of the last named sale was filed on the 17th day of April, 1900. On the 14th day of May, 1900, the court entered an order confirming said sale. No objections to the confirmation of sale had been filed within the time limited by law, or at all. On the same day the order of confirmation was entered, said Nash filed in the same cause his petition reciting, in substance, the fact of his ownership of the real estate sold, the history of the judgment, prior sale thereunder, and failure to credit the amount of such prior sale upon the new execution, as heretofore stated. The petition also alleges that the property sold under the last execution is worth the sum of $5,000, and that the only lien against the same is that for unpaid taxes in the sum of about $600; that said property was unfairly and unlawfully sold by the sheriff at the instigation of said Johanna Brockhausen, in this: that the same was sold *en masse* and *in solido;* that said real property is divided into subdivisions, parcels, and lots and could have been sold in parcels and lots; that any one of the parcels or lots mentioned was of sufficient value to pay the lawful amount of said judgment; that there were no bidders at said sale, except the agents and attorneys of said Johanna Brockhausen, and the sale should have been adjourned by the sheriff to another date, and from time to time, until bidders were present. The petition concludes with the prayer that said execution levy and sale be set aside and adjudged null and void and of no effect. Afterwards, on the 29th day of May, 1900, said Nash filed an amended petition containing substantially the same recitals as the original petition, with additional allegations

as to discrepancies as to dates in the sheriff's notices of sale and in the date of sale, and also as to misdescription of real estate sold. Thereafter said Johanna Brockhausen moved the court to strike from the files the said petition and amended petition, for the reason that the same are frivolous, without merit and unauthorized by law. The motion was supported by the affidavit of counsel, and was by the court denied, exception to such ruling being duly noted. Thereupon said Brockhausen interposed a demurrer to the amended petition of said Nash. The demurrer was by the court overruled, and exception to such ruling duly noted. An answer to the amended petition was then filed by said Brockhausen, putting in issue certain allegations contained in such amended petition. The answer also contained affirmative matter, but the court sustained a demurrer thereto. A trial was then had, evidence introduced, and the court entered judgment that the execution issued in said cause on March 14, 1900, and the levy and sale made thereunder, should be quashed, set aside and held for naught, and that said Johanna Brockhausen take nothing under said execution, levy, and sale. From said judgment the said Johanna Brockhausen has appealed to this court.

Respondent, Nash, moves to dismiss the appeal herein upon the ground that the order appealed from is not an appealable order; that it is not a final order, and does not affect a substantial right; and also upon the further ground that if said order is an appealable one, the appeal therefrom must be taken within fifteen days from the entry thereof. We think the order appealed from comes within the classification of subdivision 7, § 6500, Bal. Code. The words of the statute are as follows: "From any final order made after judgment which affects a substantial right." This was an order made after judgment. It was final in its

nature, and affected a substantial right, for the reason that it purported to set aside a sale of real estate made by the sheriff, and under such sale the appellant had acquired substantial rights if said sale was authorized in law. It does not meet the point to say that appellant could have had a new sale of the same property, and for that reason the order was not final in its effect. The order did undertake to nullify the sale that was made, and by its terms finally and forever undertook to determine any rights that may have existed under said sale. If at the time the order was made appellant held the real estate sold as a purchaser authorized in law to hold the same, then her rights as such purchaser were fixed, and she could not be required to subject the property to a new sale.

It is next urged that, in any event, an appeal from this order must have been taken within fifteen days from the date of the entry thereof. Section 6502, Bal. Code, provides as follows:

"In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment; and an appeal from any order, other than a final order, from which an appeal is allowed by this act, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney. . . .."

Should it be conceded that respondent's argument is correct, that the order appealed from comes within the fifteen day limitation specified in § 6502, *supra,* still, under the record in this case, his motion is not well taken. The statute provides that appeals under the fifteen day provision shall be taken within fifteen days after the entry of the order, if made at the time of the hearing, and in all other

cases within fifteen days after the service of a copy of the order, with written notice of the entry thereof. The record shows that this hearing was had on the 19th day of November, 1900. The order itself bears date November 26, 1900, but was not filed until December 8, 1900. There is no record of any service of a copy of the order or notice of the entry thereof. Respondent urges that a supplemental record brought here by him discloses that appellant had actual knowledge of the entry of the order, but this does not meet the requirement of the statute. The statute determines when the fifteen-day period begins to run, and, if the order is not entered at the time of the hearing, the appeal period does not begin to run until the statutory step of service of written notice of the entry and a copy of the order has been taken. The motion to dismiss the appeal is therefore denied.

We will now discuss the case upon the merits. It will be observed that subd. 7 of § 6500, Bal. Code, cited *supra,* provides that "an appeal from any such order shall also° bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from." Appellant's first assignment of error is that the court erred in overruling appellant's motion to strike respondent's petition and amended petition. The order confirming the sheriff's sale was entered twenty-seven days after the filing of the sheriff's return of the sale. No objections to the confirmation were filed within ten days, as required by law. On the same day the order of confirmation was entered, respondent's first petition was filed, the substance of which was heretofore stated. The amended petition was not filed until fifteen days after the entry of the order of confirmation. The record shows that the first petition was actually filed within an hour prior to the entry of the order of confirmation, but

no excuse is shown for not having filed objections to the
confirmation within the statutory time. The petition
makes no reference to a probable confirmation of the sale,
but simply asks that the execution levy and sale be set
aside. The amended petition, filed long after the entry
of the order of confirmation, makes no reference to the
order, does not ask its vacation, but prays that the execu-
tion levy and sale be set aside. The prayer of the peti-
tion could not have been granted while the order of con-
firmation existed, for the reason that such an order is the
solemn and deliberate judgment of the court, and is bind-
ing upon all parties until regularly vacated. The fact that
the execution may have issued for more than was actually
due on the judgment was an irregularity occurring after
judgment; and if, by reason thereof, respondent was in-
jured through the sale, the objection to the confirmation of
the sale should have been made within the time required by
law. *Krutz v. Batts,* 18 Wash. 460 (51 Pac. 1054).

When there are no such errors as will oust the court of
jurisdiction, the order confirming sale concludes inquiry
into the irregularities attending the sale. *Parker v.
Dacres,* 1 Wash. 190 (24 Pac. 192).

The same rule prevails in Oregon, in which state the
statute upon this subject is practically identical with our
own. *Mathews v. Eddy,* 4 Ore. 225; *Dell v. Estes,* 10
Ore. 359; *Leinenweber v. Brown,* 24 Ore. 548 (34 Pac.
475, 38 Pac. 4).

If the petition be treated as an objection to confirmation,
the court could not consider it, because it was not filed
within the time required by law. If it was intended as
an objection to confirmation, it should at least have shown
an excuse for the delay in its filing. No attempt at show-
ing a reason for delay is made. It is insisted that the ex-
ecution was void because issued for a larger amount than

was actually due. We think the execution was not void. It appears to have been regularly and authoritatively issued under a valid and unsatisfied judgment. It was therefore not a void writ, but simply stated an amount in excess of what was actually due, and at most was only voidable. *Bogle v. Bloom,* 36 Kan. 512 (13 Pac. 793); *Bachelder v. Chaves,* 5 N. M. 562 (25 Pac. 783); *Hunt v. Loucks,* 38 Cal. 372 (99 Am. Dec. 404); *Cunningham v. Felker,* 26 Iowa, 117.

In *Bogle v. Bloom, supra,* the court says:

"The proper practice, where an execution issues for too large an amount, is to apply to the court to set aside as to the excess, and not for a vacation of the writ."

In *Hunt v. Loucks, supra,* the court says:

"The ground of the first objection was, that execution called for $695 more than the face of the judgment. Was it for that reason void, and therefore the sale also? We think it was only voidable, and therefore the sale valid."

If the amount for which the property sold had been in excess of the balance actually due upon the judgment, then respondent should have applied for relief as to such excess. But the record shows in fact that the amount of the sale did not cover the actual balance due. Respondent was therefore in no sense damaged by the mere fact that the execution issued for too large an amount. It is true, the sheriff's return shows an amount yet due greater than the real amount by reason of the failure to credit the $500 item and interest thereon, which should have been done at the time of the first sale. But respondent has only to apply to the court to have this correction made, and the judgment declared credited to the extent of said $500 and interest thereon.

It is urged in the petition that the property could have been sold in parcels or lots, and for that reason the sale

should have been set aside.   This court has held that un-
der the statutes of this state it is within the discretion of
the sheriff (unless otherwise directed by the court making
the order of sale) to sell lands upon execution against a
judgment defendant either *en masse* or in parcels, and it
is the duty of the court to confirm such sale when no sub-
stantial irregularity which would cause probable loss or
injury to the defendant is shown.   *Feek v. Brewer,* 11
Wash. 264 (39 Pac. 655).

If any such irregularity existed in this case, it should
have been suggested by way of objection to the confirma-
tion.   The same is true of the irregularity as to dates of
sale notices, and date of sale.   The record does present a
singular lack of harmony as to those dates, but it should
have been made to appear to the court on objections to the
confirmation that this was such an irregularity as caused
probable loss or injury to the respondent.   This objection
was made for the first time in the amended petition.   All
these irregularities were cured by the order of confirma-
tion.   Having regard to the stability of real estate titles,
an order confirming a sheriff's sale must be held to be
more than a mere formal order.   It is the solemn declara-
tion of the court that the sale has been regularly and legal-
ly made, and those who would be in position to avoid the
consequences of such order must pursue the method out-
lined by statute by making objections in time, so that the
entry of the order may be prevented, or, if entered, may
be reviewed by the appellate court if desired.

It is unnecessary to discuss the remaining assignments
of error, since the same questions suggested thereby are
involved in the discussion of the motion to strike the peti-
tions.   The petitions allege that appellant is not the as-
signee of the judgment; but a regular written assignment
appears in the record, and it is alleged on information

and belief only that the assignment is fraudulent. If respondent could have been in any way injured by this, it should have been shown by a regular and timely objection to confirmation. We cannot conceive how respondent could be injured thereby. It is of no consequence to him who owns the judgment, if the proceeds of the sale are applied thereon.

For the foregoing reasons, we think the court should have granted appellant's motion to strike from the files the petition and amended petition of respondent. The judgment is therefore reversed, and the cause remanded, with instructions to the lower court to grant said motion to strike, with costs taxed against respondent.

REAVIS, C. J., and FULLERTON, ANDERS, DUNBAR, MOUNT, and WHITE, JJ., concur.