[No. 5774.  Decided November 16, 1905.]

CHARLES T. TERRY, *Appellant*, v. JACOB FURTH *et al.,*
*Respondents.*[1]

MORTGAGES—FORECLOSURE—ACTION TO SET ASIDE SALE—EVIDENCE AS TO DATE—SUFFICIENCY. A decree of foreclosure should not be set aside, after seven years has intervened, on slight testimony that the sale was advertised for a certain day, and in fact took place on the following day; and findings sustaining the sale will not be disturbed where the testimony was not conclusive either way.

SAME—IRREGULARITIES—CONFIRMATION OF SALE—FAILURE TO OBJECT. The confirmation of a sale of real estate is conclusive as to the regularity of the sale, upon an action to set aside the confirmation for irregularities.

MORTGAGES—JUDICIAL SALE—SETTING ASIDE—FRAUD—SUFFICIENCY OF SHOWING. An action to set aside the confirmation of a sale of real estate for fraud cannot be sustained where the fraud shown was connected with the execution of the mortgage, and the only objection to the sale is that it was not had on the day advertised, and there is no claim of fraud in connection with the date of the sale.

SAME—LACHES OF OWNER—EXCUSE FOR DELAY. Removal from the state previous to a sale of real estate under a decree of foreclosure is not a sufficient excuse for failure to file objections to the confirmation of the sale within the time required by law.

1 Reported in 82 Pac. 882.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 28, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to set aside a mortgage foreclosure sale. Affirmed.

*Richard Saxe Jones* and *William H. Brinker,* for appellant.

*Harold Preston* and *L. C. Gilman,* for respondents.

DUNBAR, J.—This is an action in equity to set aside a foreclosure sale and the confirmation of the sale, and to cancel a sheriff's deed resulting therefrom. There is no question raised as to the legality of the foreclosure of the mortgage involved, but the contention is that the sale was advertised to be made on the 25th of June, 1897, when in fact it was made on June 26th, 1897. This action to set aside this sale was brought in June, 1904. The court found that the sale was made in accordance with the advertisement, on the 25th day of June, 1897.

This was a pure question of fact, determined by the court upon testimony presented, and it would be profitless to enter into a discussion or analysis of that testimony; but from an examination of the testimony, we are unable to say that the finding of the court was not justified. A sale of real estate is a matter of so much importance to the purchaser, and to those whose titles are deraigned from him, that it should not be set aside on slight testimony, especially where seven years have intervened between the sale and the application to set aside the sale. The inconveniences and trouble which arise from the upsetting of judicial determinations of this kind are illustrated in this case, where there are some forty defendants alleged to have an interest in the action, comprised of individuals, administrators, executors, and corporations of various kinds. And from an examination of the testimony, we are unwilling to disturb the judgment, or the

finding of the lower court in regard to the date of the sale, the testimony not being of a conclusive nature on either side.

In addition to this, our statute provides (Pierce's Code, § 879) that an order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale, as to all persons in any other action, suit, or proceeding whatever. This statute was given a literal interpretation by this court in *State ex rel. Steele v. Northwestern etc. Bank,* 18 Wash. 118, 50 Pac. 1023; and the very question at issue in this case was decided by this court, in opposition to appellant's right to disturb the confirmation in this case, in *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111, and the judgment of the lower court in that case was reversed because of an irregularity in the manner of the sale, this court saying:

"If any such irregularity existed in this case, it should have been suggested by way of an objection to the confirmation. . . . All these irregularities were cured by the order of confirmation. Having regard to the stability of real estate titles, an order confirming a sheriff's sale must be held to be more than a mere formal order. It is the solemn declaration of the court that the sale has been regularly and legally made, and those who would be in position to avoid the consequences of such order must pursue the method outlined by statute by making objections in time, so that the entry of the order may be prevented, or, if entered, may be reviewed by the appellate court if desired."

It is contended by the appellant that this case is not in point, for the reason that it was indicated in that case that a different rule might have prevailed if the petition had been for the purpose of setting aside the confirmation, instead of vacating the sale. But the opinion does not justify such a conclusion, for the court on that branch of the case said:

"If the petition be treated as an objection to confirmation, the court could not consider it, because it was not filed within the time required by law. If it was intended as an objec-

tion to confirmation, it should at least have shown an excuse for the delay in its filing."

But the whole case was to the effect that the irregularities of the sale were cured by the confirmation, and it will be conceded that the matter complained of in this case is an irregularity.

It is, no doubt, true that fraud vitiates everything, and that if it appears that a judgment was obtained by fraud, and that the action to set aside was promptly brought after the fraud became known, equity would probably right the person upon whom the fraud was perpetrated. But, while there are some allegations of fraud in this case, they relate to the manner in which the mortgage was obtained, and not to the transaction of the sale; and all those matters are practically abandoned upon this appeal, and there is really no testimony justifying them, because it is asserted by the appellant in his brief that the only question at issue here is whether the sale occurred upon the 25th or upon the 26th, and that, if this court finds that the sale actually occurred upon the 25th, the judgment should be sustained, otherwise that it should be reversed; and there is no allegation or claim that there was any fraud in changing the time of sale.

There is no sufficient excuse offered by the appellant for not urging the objections that he urges here, upon the confirmation. It is true, he says that before the sale he removed to California and stayed there for six years, but it does not appear that he left the state before the notice of sale; and removal from the state was held not to be a sufficient excuse for not urging irregularities at the confirmation of the sale in a case cited and approved by this court in *Otis Bros. & Co. v. Nash, supra,* viz.: *Leinenweber v. Brown,* 24 Ore. 548, 34 Pac. 475, 38 Pac. 4, an Oregon case, with a statute similar to ours, where the question of insufficient notice was raised as in this case. There it was admitted that, during all the time when the notice was being published, and when the sale was made and confirmed, the plaintiff Leinenweber

was without the state of Oregon, and was within the state of California, and did not discover that the sale had been made until after the confirmation thereof. And it was held that, the plaintiff having failed to press her objections at the proper time and to show that she was prevented from doing so by fraud or deception, she was not entitled to relief by an independent suit.

We have examined the cases cited by the appellant, but do not think that they militate against the conclusion reached. The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, FULLERTON, RUDKIN, and HADLEY, JJ., concur.