[No. 7726. Decided February 1, 1909.]

WILLIAM EVERT, *Appellant*, v. N. D. TOWER *et al.*,
*Respondents.*[1]

LIMITATION OF ACTIONS — FRAUD — CONCEALING MISTAKE—PLEAD-
ING. An action is not one for relief upon the ground of fraud, which
would accrue only upon discovery of the fraud, where it is alleged
that the plaintiffs sold defendants a car load of eggs, and attached
a draft for the price according to the custom of merchants, which
by mistake was $1,200 short, and that defendants, after consulting
together, decided to conceal knowledge of the mistake, and that
paying the draft and ceasing business transactions with plaintiff
constituted a fraud on the plaintiffs, which they did not discover
until three years subsequent to the sale; and the use of the word
"fraud" in the complaint does not enlarge the meaning of the facts
pleaded.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 8, 1908, dismissing an
action on contract, upon sustaining a demurrer to the com-
plaint. Affirmed.

*John E. Ryan* and *C. K. Poe*, for appellant.

*Herr, Bayley & Wilson*, for respondents.

GOSE, J.—This is an appeal from a judgment by the su-
perior court of King county, sustaining a demurrer to the
second amended complaint, on the ground that the action
had not been commenced within the time limited by law.
It is alleged in the complaint that, on or about June 15, 1904,
the appellant sold to respondent, Bell Tower Company, a
car load of eggs, at the agreed price of $1,665, and that
the eggs were shipped to respondent with a draft attached for
$456. It is further pleaded that, at the time of such ship-
ment, it was the custom among merchants to attach a draft to
the bill of lading, drawn against the purchaser for the pur-
chase price of the article sold; that through mistake the ap-

[1]Reported in 99 Pac. 580.

pellant drew for $1,200 less than the purchase price. The complaint also states that the respondents honored the draft with knowledge of the error in amount, and after discussing whether they should notify the appellant of such mistake, or "by concealing the same from the plaintiff they should attempt to keep from him the knowledge thereof; that after so advising, said defendants did at that time conclude upon the latter course." The complaint further states: "That the paying of said draft by these defendants, together with the cessation of all business transactions with the plaintiff, constituted an act of fraud by the defendants on the plaintiff." The appellant did not discover his mistake until the 21st day of August, 1907, and more than three years subsequent to the sale. He thereupon made a demand for the balance due. Payment was refused.

Appellant urges that the facts stated bring him within the provisions of Bal. Code, § 4800, subd. 4 (P. C. § 285), which provides that, in an action for relief upon the ground of fraud, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

The sufficiency of the complaint is the only question presented on appeal. Did the mere failure of the debtor to notify the creditor of his mistake operate as a fraud upon the latter, so as to bring him within the protection of the statute? It is true the appellant charges the omission to be a fraud against him. However, the use of the word "fraud" does not enlarge the meaning of the facts pleaded. The mistake was made by the appellant. The failure of the respondents to notify him of such mistake does not constitute legal fraud. The law devolves no such obligation upon the debtor.

The judgment will be affirmed.

Rudkin, C. J., Chadwick, Crow, Mount, Fullerton, and Dunbar, JJ., concur.