[No. 22436.   Department One.   August 5, 1930.]

JOHN GUNSTONE *et al., Respondents,* v. W. E. ROBBINS
*et al., Appellants.*[1]

*Henry W. Pennock* and *Bigelow & Manier,* for appellants.

*Harold P. Troy,* for respondents.

BEALS, J.—During the month of November, 1925, the owner of some of the bonds issued for the purpose of raising funds to pay for the construction of a sewer in local improvement district No. 159, of the city of

[1]Reported in 290 Pac. 844.

Olympia, commenced an action to foreclose the lien of the assessment against certain property in the district, and to procure an order of sale against such property in order to enforce payment of his local improvement district bonds, which were then past due. Lot 3, block 5, Talcott's subdivision of block 20, Ayers addition to the city of Olympia, Thurston county, had been included in the local improvement district and assessed for the improvement in the sum of $12.05.

Plaintiffs, John Gunstone and Flora Gunstone, his wife, were the record owners of the lot above described, and were named as defendants in the action brought to foreclose the lien of the assessment. The sheriff made a return of service of the summons in the foreclosure action, showing personal service of the summons and complaint upon Flora Gunstone, and service upon John Gunstone by leaving a copy of the summons and complaint for him with Flora Gunstone at his place of residence. In due time, Mr. and Mrs. Gunstone were adjudged in default, and a decree entered foreclosing the lien of the assessment against the Gunstone lot and other property described in the decree.

An order of sale of the property was issued, and, pursuant thereto, the sheriff of Thurston county issued a notice of sheriff's sale, which was later filed, together with the sheriff's return of sale, showing that the property above described had been sold to W. E. Robbins, the defendant in this action. Several months later, an order confirming the sale was entered, and a certificate of sale issued to Mr. Robbins, wherein it appeared that the lot had been sold to him June 19, 1926. The sheriff's deed was issued to Mr. Robbins a few days more than a year after the date of the sale, and before any attempt to redeem the property had been made by Mr. and Mrs. Gunstone.

During the month of December, 1927, plaintiffs sought to redeem the property from the sale, and tendered to defendants the sum of $33.07 for redemption of the lot, which tender was refused by defendants. Thereafter plaintiffs commenced this action, seeking a decree quieting their title to the property as against defendants, and requiring defendants to accept such sum as the court should find to be due in redemption of the property. The trial court granted plaintiffs the relief which they sought, and from a decree quieting plaintiffs' title to the property and vacating the sale thereof to defendants in the suit brought for the purpose of foreclosing the lien of the local improvement, defendants appeal.

Respondents rely upon two propositions, which they contend rendered the foreclosure of the lien of the assessment void and entitled them to redeem therefrom: First, that the sale of the lot in the foreclosure proceeding was had pursuant to an order of sale directed to the sheriff of *King* county, Washington, instead of to the sheriff of Thurston county; and second, that no opportunity was accorded respondents to redeem the property within the period of two years after the sale, respondents contending that, under the law, they had that period within which to effect a redemption.

The order of sale in the foreclosure case was issued by the clerk of Thurston county, but was directed to the sheriff of King county, although properly entitled in the superior court for Thurston county, and with the venue properly laid therein. Under this order of sale, the sheriff of Thurston county sold the property for the sum due, the return showing his proceedings under the order, which were regular. The property being in Thurston county, the sheriff of that county was, of course, the only official authorized by law to

sell the same, and appellants contend that, notwithstanding the irregularity in the order of sale, the sale having been in fact made by the sheriff of the proper county, a proper return having been filed by him, and an order of confirmation having thereafter been entered, respondents' title to the property was thereby divested, and the judgment entered herein by the trial court in respondents' favor should be reversed.

The order of sale above referred to was prepared upon a printed form, evidently prepared for use in King county. The printed words were altered appropriately so as to fit the same for use in Thurston county, save that the direction, "To the Sheriff of King County," was not changed. We assume that, in so far as respondents' rights are concerned, the matter stands as though the mistake had been one of original commission in the preparation of the order of sale, instead of an error of omission in neglecting to alter an existing word.

Section 591, Rem. Comp. Stat., referring to the confirmation of sales on execution, reads in part as follows:

"Upon the return of any sale of real estate as aforesaid, the clerk shall enter the cause, on which the execution or order of sale issued, by its title, on motion docket, and mark opposite the same: 'Sale of land for confirmation,' and the following proceedings shall be had:

"(1) The plaintiff at any time after ten days from the filing of such return shall be entitled, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or in case of his death, his representative, shall file with the clerk within ten days after the filing of such return, his objections thereto.

"(2) If such objections be filed the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in

the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court shall disallow the motion and direct that the property be resold, in whole or in part, as the case may be as upon an execution received of that date . . . "

In the case of *McHugh v. Conner,* 68 Wash. 229, 122 Pac. 1018, this court said:

"Appellants further contend the sheriff's sale was void because the paper in which the notice of sale was published did not comply with the requirements of the statute. This objection should have been interposed prior to the entry of the order of confirmation. That order cured any defects in the matter of publishing the notice of sale. Freeman, Void Judicial Sales, § 44; *Parker v. Dacres,* 1 Wash. 190, 24 Pac. 192; *Johnson v. Bartlett,* 50 Wash. 114, 96 Pac. 833."

In the case of *Goshert v. Wirth,* 130 Wash. 14, 226 Pac. 124, it was held that an order of confirmation cured certain alleged irregularities in the sale confirmed, and that a levy assumed to have been not strictly in accordance with the statute became valid when the sale made thereunder was regularly confirmed.

The following decisions of this court are to the same effect: *Lewis v. Bartlett,* 12 Wash. 212, 40 Pac. 934, 50 Am. St. 885; *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111; *Terry v. Furth,* 40 Wash. 493, 82 Pac. 882; *Pederson v. Lease,* 48 Wash. 253, 93 Pac. 439, 125 Am. St. 922.

Respondents argue that, as Rem. Comp. Stat., § 513, directs that the writ of execution shall be directed to the sheriff of the county in which the property is situated, the order of sale hereinabove referred to was void, or at least voidable, and that the sale made thereunder by the sheriff of Thurston county was subject to attack by respondents, and that the decree

of the lower court in respondents' favor was rightly entered. Respondents also contend that the order of sale constitutes the basis of the sheriff's authority to act, and that, as in this case the order was directed to the sheriff of the wrong county, this error is not a mere irregularity, curable by confirmation, but is a total lack of authority and a fatal error, rendering all subsequent proceedings subject to attack. In support of their contention, respondents cite several authorities from other jurisdictions, as well as standard texts, which they contend support the decree rendered by the trial court in their favor.

Respondents also rely upon the opinion of this court in the case of *Vietzen v. Otis,* 46 Wash. 402, 90 Pac. 264, in which it was held that, in an action brought in Chehalis county to foreclose a mortgage against two tracts of land lying, respectively, in Chehalis and Thurston counties, a decree of foreclosure which provided that the mortgaged premises be sold by the sheriff of Chehalis county was erroneous, in so far as the Thurston county property was concerned, and that a sale of that property by the sheriff of Chehalis county was void and subject to later attack by the mortgagor, or his successor in interest. The distinction between the case cited and the case at bar is plain, as in the former case the land was sold by the sheriff of the wrong county, while in the case at bar the lot was actually sold by the sheriff of the proper county. In the case cited, this court properly held that an order of confirmation could not cure such a fundamental defect as was disclosed by the record, and that the act of the sheriff of Chehalis county in assuming to sell real estate in another county was utterly beyond his lawful authority. Such a holding, however, is not authority for the proposition that an irregularity in the proceedings leading up to a sale of real property by

the sheriff of the proper county is necessarily fatal and incurable by confirmation.

Respondents also rely upon the case of *McLiesh v. Ball*, 58 Wash. 690, 109 Pac. 209, 137 Am. St. 1087, in which a sale of real estate under execution pursuant to a judgment, which it was found had been fully paid prior to the sale, was held void. It having been established that the judgment was actually fully paid, subsequent proceedings thereon resulting in the sale of the debtor's real estate were necessarily held subject to attack. Under the circumstances shown by the record in the case cited, an order confirming the sale necessarily added nothing to the rights of the purchaser at the sale.

A careful examination of all the authorities convinces us that, in the case at bar, the error in the order of sale, the sale having, in fact, been made by the sheriff of the proper county, was not, after confirmation of the sale by order of court regularly entered, of such a nature as to render the sale by the sheriff of Thurston county subject to such an attack by respondents as is here presented.

On behalf of respondents, it is next urged that, under the law, they had two years from the date of sale within which to redeem their property. It is admitted that, within that period, respondents attempted to redeem, and tendered a sum sufficient to effect a redemption, if they were within the time allowed by law for such action. In support of their contention, respondents cite chapter 195, of the session laws passed at the extraordinary session of 1925 [Laws of 1925, Ex. Ses., p. 593; Rem. 1927 Sup., § 9251], amending Rem. Comp. Stat., § 9251. This latter section was a portion of chapter 153 of the session laws of 1907 [Laws of 1907, p. 331], enabling cities of the first, second and third classes to exercise the right of eminent domain,

and providing, *inter alia,* for the levying of special assessments upon the property specially benefited by condemnation proceedings. While it is true that this act allows redemption from sales made pursuant thereto for delinquent improvement assessments within two years from the date of sale, we are satisfied that respondents do not come within the provisions of that act, and that the period of redemption allowed them by law was limited to one year from the date of sale of their property.

Respondents also object to the sale, claiming that, under chapter 130 of the session laws passed at the extraordinary session of 1925 [Laws of 1925, Ex. Ses., p. 227; Rem. 1927 Sup., § 11097-1], their property should have been so offered that bidders were required to bid the amount for which the property was offered for sale for the least portion of the property necessary to satisfy the judgment lien. The act referred to refers to general taxation and sales made pursuant thereto in the course of the collection of general taxes, while the sale of appellants' property was based upon other laws, in which the procedure differed radically from actions for the foreclosure of tax liens.

We conclude that the trial court erred in entering a decree in respondents' favor, and that respondents' title was, in fact, divested by the foreclosure judgment and proceedings subsequent thereto.

The decree appealed from is reversed, with instructions to the trial court to dismiss respondents' action and enter a decree quieting appellants' title as against respondents, and granting appellants such incidental relief as they may be entitled to receive.

MITCHELL, C. J., TOLMAN, MILLARD, and MAIN, JJ., concur.