[No. 6785. Decided January 15, 1908.]

## PEDER PEDERSON, *Appellant,* v. FRED LEASE, JUNIOR, *Respondent.*[1]

EXECUTIONS—REQUISITES—OBJECTIONS. An execution commencing, "State of Washington, Clallam County, ss: To the sheriff of Clallam County, Greeting:" will not be held void because not running in the name of the state, where no objection was made to the confirmation of the sale.

SAME—NAME OF DEFENDANT—IDEM SONANS. An execution against "Peter Peterson" whose true name was Peder Pederson, but who was sued as Peter Pederson and was commonly known as Peter Peterson, will not invalidate a sale thereunder, but is controlled by the rule of *idem sonans.*

SAME—SALE—OBJECTIONS. An execution sale will not be invalidated by failure of the execution to state the amount due or to command the sheriff to levy upon real property upon which the judgment is a lien, where no objection to confirmation was made and the purchaser had held the property and paid the taxes for twelve years.

Appeal from a judgment of the superior court for Clallam county, Hatch, J., entered January 27, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

[1]Reported in 93 Pac. 439.

*Trumbull & Trumbull,* for appellant.

*A. A. Richardson,* for respondent.

Root, J.—Plaintiff brought this action to quiet title to certain lots in Port Angeles, Clallam county, alleging ownership and that the real estate was unoccupied. From the judgment in defendant's favor plaintiff appeals.

It appears that plaintiff owned this property in 1895, at a time when one Fred Lease, father of respondent, obtained judgment against plaintiff in the justice court of Clallam county. The transcript of this judgment was, on the 1st day of June, 1895, filed and entered in the office of the clerk of the superior court of said county, and on the 26th day of July, 1895, an execution was issued out of the superior court upon said judgment, and the property in question levied upon and sold to said Fred Lease, and the sale confirmed by order of court on December 19, 1896, no exceptions or objections to the confirmation having been interposed. No redemption has been had. Fred Lease died on the 26th day of June, 1902, and it is conceded that respondent herein is his sole heir. Taxes have been paid ever since the sale by respondent and his father, a certificate having at one time been issued to appellant and redeemed by respondent.

Appellant contends that the sale of the property was void, first, because the execution did not run in the name of the state of Washington; second, did not state the amount actually due; third, did not command the sheriff to levy upon the real property upon which the judgment is a lien; fourth, that it was not issued against the property of appellant but against that of one "Peter Peterson."

The execution complained of reads, in the commencement thereof: "State of Washington, Clallam County, ss: To the sheriff of Clallam County, Greeting:" and then proceeds in the usual form followed in executions. It may be that this form is not strictly in compliance with the statute and constitution, but we are not prepared to hold that it was fatally de-

fective; and inasmuch as no objections were made to the confirmation of the sale, we cannot hold the sale void by reason of this alleged defect.

As to the error in the name of plaintiff, it appears that he was sued as "Peter Pederson," in the justice court; that he appeared in response to such name at that time, and defended the action in person, testifying therein as a witness. He consequently had personal knowledge of the entry of the judgment and that his name was misspelled in the proceedings. That another error was made in the spelling in the execution was not, in our opinion, sufficient to render the sale thereunder void. The name "Peter Pederson" is the English form of the Danish name "Peder Pederson," and we think the question is controlled by the rule of *idem sonans*. *Schooler v. Asherst*, 1 Littell (Ky.) 216, 13 Am. Dec. 232-4, and notes. It appears from the evidence that appellant was well known in the community under the name of Peter Peterson.

The contentions that the execution does not state the amount actually due and does not command the sheriff to levy upon the "real property upon which the judgment is a lien" we cannot hold, at this late day, sufficient to invalidate the sale, no objections to the confirmation having been made and the purchaser at such sale and his successor in interest having held and paid taxes upon the property for over twelve years. *Terry v. Furth*, 40 Wash. 493, 82 Pac. 882.

We think the judgment and decree of the trial court should be affirmed and it is so ordered.

FULLERTON, MOUNT, DUNBAR, and RUDKIN, JJ., concur.
HADLEY, C. J., and CROW, J., took no part.