[No. 14763.   Department Two.   January 9, 1919.]

CARL BIRD, *Appellant*, v. VOLNEY B. COX *et al.,*
*Respondents.*[1]

MORTGAGES (212, 213)—FORECLOSURE—SALE—SHERIFF'S RETURN—
AMENDMENT.  After confirmation of a mortgage foreclosure sale, at
which the purchaser bid and paid the full amount claimed as due
by the sheriff, whose return showed satisfaction of the judgment,
the return cannot be amended to show a deficiency, although the
mistake as to the amount was inadvertent, where mortgagors, liable
on the judgment, had secured the purchaser under an agreement to
convey their equity of redemption; since they could not recoup their
loss by redemption and there was no excuse for failure to object to
the return before confirmation.

Appeal from an order of the superior court for
Franklin county, Truax, J., entered March 5, 1918,
denying a motion for an order to amend a sheriff's
return of sale on execution, after a hearing before the
court.  Affirmed.

*Zent & Powell,* for appellant.

*Gerard Ryzek,* for respondents.

HOLCOMB, J.—Respondents mortgaged certain property to appellant, after which they sold the property
to defendants Riggs and wife, who assumed the mortgage debt.  In foreclosure proceedings, defendants
Riggs defaulted, and judgment was taken against defendants Riggs as well as respondents.  Respondents
also secured judgment against defendants Riggs.

[1]Reported in 177 Pac. 675.

After the sheriff had prepared notices of sale under the execution of foreclosure, he sent copy thereof, with letter of transmission, to appellant's attorney, as follows:

"Am inclosing notice for publication for your inspection. If there are any errors kindly notify me at once so correction can be made. Total sum was arrived at as follows:

| | |
|---|---:|
| Judgment .............................. | $850.00 |
| Interest from Jan. 2, 1916, to Nov. 12, 1917. | 96.34 |
| Interest from Nov. 12 to Dec. 22, 1917...... | 9.45 |
| Attorney's fee .......................... | 100.00 |
| Sheriff's fee ........................... | 10.55 |
| Costs ................................. | 17.50 |

"$1,083.84"

Reply was made by appellant's attorneys to the sheriff, as follows:

"The notice of sale which you prepared in Bird v. Cox and forwarded us a copy seems to be in order. . . ."

The sale, upon motion of appellant, was duly confirmed by the court. The sheriff's return showed satisfaction of the judgment. The purchaser paid the amount as stated by the sheriff and shown in the notice of publication as the amount due on the judgment and which had been acknowledged by appellant's attorney to be in order. Some time after the order of confirmation of sale was made, appellant moved for an order to amend the sheriff's return to show a deficiency.

Respondents objected by affidavit showing that they had secured a purchaser at execution sale, with the agreement that they would convey their equity of redemption to the purchaser; that the purchaser bid the full amount stated by the sheriff as due on the indebtedness; that, if deficiency is now secured, respondents

could not recoup their loss by redemption of the real estate or against the insolvent defendants Riggs; that error of sheriff was caused wholly by the negligence and carelessness of appellant and his attorneys, and that, if now the return should be amended, it would cause loss and injury to the respondents without their fault. The court denied the motion to allow the amendment of the sheriff's return.

It would certainly be inequitable to allow an amendment of the sheriff's return of sale which would cause a loss to innocent parties, when the error, even though "inadvertent," occurred through the carelessness and negligence of appellant's attorneys, and a correction of the same was not asked until after appellant procured a confirmation of the sale. There is no sufficient excuse offered why appellant did not urge his objections to the sheriff's return at the time of the confirmation. In *Otis Bros. & Co. v. Nash*, 26 Wash. 39, 66 Pac. 111, it was said:

"All these irregularities were cured by the order of confirmation. Having regard to the stability of real estate titles, an order confirming a sheriff's sale must be held to be more than a mere formal order. It is the solemn declaration of the court that the sale has been regularly and legally made, and those who would be in position to avoid the consequences of such order must pursue the method outlined by statute by making objections in time, so that the entry of the order may be prevented, or, if entered, may be reviewed by the appellate court if desired."

The statute, Rem. Code, § 587, provides among other things that

"The sheriff shall proclaim aloud at the place of sale, . . . He shall also state the amount which he is required to make upon the execution, which shall include damages, interests, and costs up to the day of sale, and increased costs."

As will be seen from the above, plaintiff also could have corrected the sheriff at the sale, if the sheriff announced an erroneous amount; or, in any event, brought the matter up for correction before the confirmation. We think that, in justice to the parties, appellant's motion after the confirmation order was untimely.

The judgment must be and is affirmed.

PARKER and MOUNT, JJ., concur.

MAIN, C. J., and FULLERTON, J., concur in the result.