[No. 8232. Department Two. December 20, 1909.]

. BARTLETT ESTATE COMPANY, *Respondent*, v. FAIRHAVEN LAND COMPANY *et al.*, *Appellants*.[1]

MORTGAGES—FORECLOSURE—EXECUTION SALES—METHOD. Bal. Code, § 5288, providing that sales on execution shall be by the acre, is directory, and does not require land to be sold one acre at a time; one bid upon a tract of a certain number of acres will be construed as a bid at so much per acre, and is not a substantial irregularity.

SAME—MODE OF SALE—PERSONS ENTITLED TO BID ON PARCEL. Laws 1899, p. 87, § 4, providing that real property shall be sold under execution separately when a portion is claimed by a third person and requires it to be sold separately, refers to persons claiming adversely to the mortgagor or mortgagee, and not to persons acquiring an interest *pendente lite* with notice of the suit.

SAME—WAIVER OF RIGHT. Persons attending a foreclosure sale, who had made a written request for the separate sale of portions of the mortgaged property, waive their right to a separate sale by remaining silent at the sale when the sheriff asked "if there was any particular piece" desired to be sold separately; notwithstanding that the sheriff had replied to the written request in writing stating that he would sell as directed by the decree, as the same was not such a denial of the request as would excuse attendance and oral demand at the sale.

[1]Reported in 105 Pac. 848.

SAME—METHOD OF SALE—DETERMINATION BY COURT—CONFIRMA-
TION—RIGHT TO OBJECT. Where a decree of foreclosure directed that
the various tracts of land be sold in parcels as described in the
mortgage, it must be presumed that the court determined that such
method of sale would bring the highest price within Laws 1899,
p. 87, § 4, directing a sale "separately or otherwise as is likely to
bring the highest price"; and no objection being made to the judg-
ment, objection cannot be made to confirmation by parties or privies
because the sheriff did not sell in smaller tracts.

SAME—SEPARATE PARCELS—APPURTENANCES. Where a mortgage
and decree described certain tracts of upland by metes and bounds,
"together with the leases" of the harbor area fronting thereon, the
leases are appurtenant to the upland, and may be sold as one tract
with the abutting upland.

SAME—DISCRETION OF SHERIFF—IRREGULARITIES. Where no request
is made for the sale of mortgage premises in separate tracts, and the
decree ordered the property sold in parcels as described in the mort-
gage, it is not a substantial irregularity for the sheriff in his dis-
cretion to sell several of the tracts in one parcel.

SAME—SALES FOR CASH—COMPETITION. Under Bal. Code, § 5291,
requiring sales of real estate under execution to be sold to the "high-
est bidder who shall forthwith pay the bid to the officer" the an-
nouncement at a sale, advertised to be for cash, that the sheriff
would not take checks or anything of that kind is not unfair as
preventing competitive bids.

Appeal from an order of the superior court for Whatcom
county, Kellogg, J., entered April 21, 1909, confirming a
sale of mortgaged property pursuant to a decree of fore-
closure, after a hearing before the court. Affirmed.

*Black & Black*, for appellants.

*Newman & Howard*, for respondent.

MOUNT, J.—This appeal is from an order confirming the
sale of mortgaged land pursuant to a decree of foreclosure.
The decree and order of sale directed "such property to be
sold in separate parcels according to the separate descrip-
tions of such property contained in such mortgage." The
mortgage debt amounted to something over $137,000. This
debt was secured by a mortgage upon several different par-
cels of land. Some of these parcels were described as city

lots, others were described by metes and bounds, and still others by legal subdivisions of section, township, and range. The decree set forth the different parcels and lots as they were described in the mortgage. Prior to the sale but after the notice thereof had been published, several persons, claiming to have purchased certain portions of the property *pendente lite*, gave written notice to the sheriff that they had purchased such portions of the property, each of such portions being less than the whole of any one parcel thereof as described in the mortgage and decree, and requested the sheriff to sell such portions separately. The sheriff replied to each of these requests in writing, that he would sell the property as directed in the decree. At the time of the sale the sheriff announced:

"Now, gentlemen, this property we intend to sell for cash and all those bidding are supposed to have the cash here. We are not taking any checks or anything of that kind. How do you gentlemen want this sold? In one block? Any particular piece that you want sold? If not, I will follow the decree of the court. I will commence to sell it."

The property was then offered for sale parcel by parcel as described in the mortgage and decree, until the platted town lots were reached, when a bidder offered to bid on such lots separately. The lots were then offered and sold separately. At the sale the sheriff did not, after the offer first above stated, offer any portion of any tract as he had been requested by written notice to do, and no further request therefor was made at the sale. The property sold, except the town lots, was made up of large tracts, and was not offered by the acre. It was bid in by the plaintiff, no other person offering bids thereon. After the return of the sale was made, the defendant in the action and E. M. Wilson, Alfred L. Black and Ada F. Black, his wife, Alfred L. Black, Hugh Eldridge, and D. B. Edwards, claiming to be successors in interest of the defendant, objected to confirmation of the sale upon the grounds that the sheriff failed, (1) to sell

by the acre; (2) to sell portions of property claimed by the objector; (3) that he sold two parcels as one tract, and (4) that the refusal of the sheriff to take checks prevented competitive bidding. The trial court overruled all these objections and entered an order confirming the sale. The appeal is from that order. We shall consider these points in the order stated.

(1) It is true that Bal. Code, § 5288, provides that "all lands except town lots shall be sold by the acre." This, however, does not mean that the land shall be sold an acre at a time. It means that bids shall be at so much per acre. If this provision is still in force, it is merely directory. If a tract of forty acres of land were sold for $400, the court would construe such sale as being by the acre, and such bid as meaning by the acre at $10 per acre. This court has held that it was within the discretion of the sheriff to sell lands *en masse* or in parcels, and such sale would be confirmed where no substantial irregularity is shown. *Otis Bros. & Co. v. Nash*, 26 Wash. 39, 66 Pac. 111. A bid for a whole tract is not a substantial irregularity even though not made by the acre, for the bid would be construed as so meant.

(2) The statute under which the sale was made provides:

".  .  . and when the sale is of real property, consisting of several known lots or parcels, they shall be sold separately or otherwise as is likely to bring the highest price, or when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion shall be sold separately." 3 Bal. Code, § 5276; Laws 1899, p. 87, § 4.

We are of the opinion that the third persons here referred to are such persons as claim adversely to the mortgagor and mortgagee, and such as acquire interests in the mortgaged property after the mortgage but before action is brought to foreclose. Such persons, no doubt, are entitled to a direction in the decree of foreclosure that the portions claimed by them shall be sold separately. *Solicitors Loan & Trust Co. v. Washington & Idaho R. Co.*, 11 Wash. 684, 40 Pac. 344. In

this case the objectors other than the defendant acquired their rights *pendente lite* with notice of the action to foreclose; in fact after the original decree had been entered. They, therefore, became privies to the defendant, and were as much bound by the decree as if they had been parties from the beginning, and have no greater right to object to the decree in regard to the method of sale than the original defendants. The decree ordered the property sold in parcels as described in the mortgage. No objections were made to this part of the decree. It must be presumed, therefore, that the court tried out that question and decided that such method of sale was likely to bring the highest price. If this question was one to be determined by the sheriff at the time of the sale, and not to be determined by the court at the trial of the case as some courts seem to hold, and if these objectors were third persons within the meaning of the statute, we are still of the opinion that, when the sheriff at the beginning of the sale stated: "How do you gentlemen want this sold? In one block? Any particular piece that you want sold? If not, I will follow the decree of the court," it was then the duty of these objectors at that time to require the sheriff to offer specified portions separately, and when they failed to accept the offer of the sheriff to sell particular pieces separately, they must be held to have waived the privilege which the statute gave them. When the written request was made upon the sheriff to sell certain specified portions separately, he did not deny the request, but stated that he would at the sale "comply with the mandate of such execution and decree." This was not such a denial of the request as would relieve the parties from attending the sale or, if present, in remaining silent when they were asked if there was "any particular piece that you want sold."

(3) Certain of the tracts of upland were described in the mortgage and decree by metes and bounds, followed by the words "together with the leases heretofore issued by the state of Washington to the harbor area in front of and abutting

upon said described premises." It is claimed by the objectors that these leasehold interests in the harbor area in front of the upland are separate interests from the upland, and constituted two parcels, and that the two parcels should have been sold separately, and that, because they were sold as one tract, the sale should not have been confirmed. It is not claimed that any demand was made for separate sale of these particular tracts. The harbor area leases were clearly appurtenant to the upland; but, assuming that they were separate tracts, the decree authorized the sale thereof as one parcel, and no substantial irregularity appears, and therefore, under the rule in *Otis Bros. & Co. v. Nash, supra,* the sale was properly confirmed.

(4) The sale was advertised to be for cash. The statute provides that such sale shall be made to the "highest bidder who shall forthwith pay the bid to the officer." Bal. Code, § 5291. There is no merit therefore in the appellants' contention that the announcement of the sheriff that "we are not taking any checks or anything of that kind" was unfair or prevented competitive bids.

We find no error in the record. The order appealed from is therefore affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.