[No. 19417. Department Two. December 16, 1925.]

HENRY BRICE et al., Appellants, v. J. C. MINSHULL, as Supervisor of Banking, Respondent.[1]

[1] MORTGAGES (256)—REDEMPTION—WAIVER—AGREEMENT FOR WAIVER —EXTENSION OF TIME. A sheriff's deed to mortgaged property will not be cancelled because it was taken a short time before expiration of an alleged extension of time granted the mortgagors, where they were accorded ample opportunity to acquire the property within the time claimed, but failed to do so.

[2] MORTGAGES (213) — FORECLOSURE—SALE—CONFIRMATION — EFFECT. The confirmation of a mortgage foreclosure sale, forecloses any question as to the sufficiency of the publication of sale in that the newspaper was one of limited circulation and remote from the property.

[3] SAME (208, 213)—FORECLOSURE—SALE IN PARCELS—CONFIRMATION OF SALE. The discretion of the sheriff in selling mortgaged real estate en masse, rather than in separate parcels, cannot be called in question after confirmation of the sale.

[4] SAME (216)—FORECLOSURE—SALE—OPENING OR VACATING—INADEQUACY OF PRICE. A sheriff's sale of mortgaged property will not be held to have been for an inadequate price, where the mortgagors had held it for a long time, after repeated efforts to sell it, and allowed a large sum to accrue for back taxes, the sale was subject to redemption, and the purchaser sold it for $5,000 less than his bid at the sheriff's sale.

Appeal from a judgment of the superior court for King county, Gilliam J., entered March 27, 1925, in favor of the defendant, in an action to cancel a sheriff's sale and deed, after a trial to the court. Affirmed.

*John W. Whitham*, for appellants.
*Peters & Powell*, for respondent.

MACKINTOSH, J.—At the time of the failure of The Scandinavian American Bank of Seattle, which is now in the hands of the respondent for liquidation, the appellants were indebted to that bank in a considerable

[1]Reported in 241 Pac. 667.

sum, which was secured by a mortgage upon property owned by them. On April 1, 1922, the respondent, or his predecessor in office, began a foreclosure proceeding for the purpose of collecting the indebtedness and foreclosing the mortgage. The case was set for trial on October 27, 1922. Negotiations were carried on between the respondent and the appellants looking to a determination of the amount of the indebtedness, which was finally satisfactorily agreed upon, and on October 27, 1922, a judgment was entered in the sum of $29,-541.54. During these negotiations, the appellants were seeking to obtain from the respondent an agreement whereby they might be granted an extension of time in which to redeem their property. And to accomplish that end, the appellants now claim, it was agreed that the respondent should waive the securing of sheriff's deed for three months after the year of redemption; or, in other words, fifteen months from the date of the entry of the judgment, which would be January 27, 1924. The respondent admits that he made a waiver of his right to a sheriff's deed for a certain length of time, but fixes that time as December 31, 1923. The property was sold by the sheriff on January 13, 1923, and the sale was confirmed on the 27th day of the same month. The sheriff's deed was finally issued on January 18, 1924.

The appellants began this action for the purpose of having the sheriff's sale and sheriff's deed cancelled, and asked this cancellation upon four grounds, the first being that the agreement of the parties was that the right to the sheriff's deed should be waived until January 27, 1924, whereas the deed was issued on the 18th of that month; and that, prior to January 27, 1924, they were ready, able and willing to have paid the amount due and to have had the property re-conveyed to them. The next ground being that the sheriff's sale

was not properly advertised, and that the sale was irregular by reason of the fact that all the property was sold en masse and not separately, the property consisting of many lots and blocks in Seattle and some acreage outside of that city. The last point urged is that the price for which the property was sold by the sheriff was grossly inadequate. A decree dismissing the cause having been made, this appeal resulted.

While the evidence is undisputed that an agreement was entered into between the parties for the purpose of giving the appellants the privilege of extending the time in which they might re-acquire the property, the evidence is in dispute as to the terms of that agreement. The trial court found,

"That the plaintiffs in this case have failed to establish by preponderance of all the evidence in the case that such an oral stipulation was made;"

that is, a stipulation extending the time to January 27, 1924.

Our reading of the testimony convinces us that the appellants' testimony in substantiation of their claimed agreement does not preponderate in its favor. We, therefore, must acquiesce with the trial court and hold that the agreement for extension terminated on December 31, 1923.

[1] The appellants' testimony attempting to show that they were ready, able and willing to have paid the amount due prior to January 27, 1924, is not sufficiently strong to be at all convincing. The ability to pay was not substantially shown. As a matter of fact, the respondent gave the appellants ample opportunity to re-acquire the property at any time prior to January 27, 1924, had they been in financial condition to do so; and even if the agreement was as claimed by the appellants, the taking by the respondent of the deed before

January 27, 1924, therefore, deprived the appellants of no right.

[2]  The claim is that the publication of the notice of sale was made in a newspaper of limited circulation, published in a neighborhood remote from the property to be sold; but there is nothing in the record to show what the circulation was, nor even where the newspaper was published. This was a matter, in any event, from the examination of which we are now foreclosed by the order of confirmation. *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111.

[3]  This same authority settles the appellants' claim that the sale should be set aside because not made in separate parcels. Whether the property should be sold in that manner or en masse was a question resting in the discretion of the sheriff, who, under the record in this case, exercised that discretion independent of any directions, and the order of confirmation is now conclusive.

[4]  In addition to the amount of the judgment, there was due some $20,000 in back taxes, making the total amount which the appellants would have had to procure in order to re-acquire their property something over $50,000. Experts called by appellants and experts called by the respondent as to the value of the property in controversy, as is their wont, differed very materially in their figures. But taking into consideration the fact that the property was unimproved, with the exception of one lot with improvements of small value, that the sale by the sheriff was for cash, and differed from a sale between private individuals in that there was no opportunity for any terms or concessions, that the sale was subject always to the right of redemption and that, during the year of the existence of that right, the purchaser could not enjoy full beneficial use of the property, it cannot be said that the

price obtained by the sheriff was grossly inadequate. The fact that the appellants themselves had had this property for a long time, had been urgently pressed to pay the mortgage upon it and had repeatedly endeavored to make sales of it to accomplish that purpose and were unable to do so, coupled with the further fact that the respondent sold the property for $5,000 less than his bid at the sheriff's sale, and this upon terms, brings us to the same conclusion as that reached by the trial court, that the sale was for a consideration which was adequate. This point is also covered by the decision in *Otis Bros. & Co. v. Nash, supra.*

For all these reasons, we conclude that the decree of the trial court is correct, and it is therefore affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.