[No. 25803. Department Two. November 20, 1935.]

EDWARD BRADY *et al., Appellants*, v. AURA B. FORD *et al., Respondents.*[1]

[1]Reported in 52 P. (2d) 319.

468

*Longfellow & Fitzpatrick* and *William Martin,* for appellants.

*Carkeek, McDonald & Harris,* for respondents.

BLAKE, J.—Edward and Leota Brady, plaintiffs herein, are husband and wife. In 1927, to secure a note for $5,800, they executed a mortgage on a contiguous tract of land lying in four government subdivisions. As occasion may call for reference to the property described in the mortgage, we shall refer to it as tracts (a), (b), (c) and (d).

The defendants Ford became the owners of the note and mortgage. In June, 1932, they brought an action on the note and to foreclose the mortgage. The Bradys answered and appeared in person and by attorneys at the trial. Judgment was rendered against them in the sum of $8,996.20, and the mortgaged property ordered sold to satisfy the judgment. No appeal was taken from the judgment.

Upon issuance of execution, the sheriff gave notice of sale to be had on February 4, 1933. On February

2d, the Bradys deeded tracts (a) and (b) to Mr. Brady's brother, John Brady, and tract (c) to Helen Brady, his sister. John Brady made demand on the sheriff to sell tracts (a) and (b) as one separate parcel. Helen Brady made a similar demand as to tract (c), and Edward Brady as to tract (d).

The sheriff offered the latter tract as a separate parcel. It was bid in by Ford for two thousand dollars. Tracts (a), (b) and (c) were sold as one parcel, Ford bidding it in at four thousand dollars.

Upon objections filed by all the Bradys, the court set the sale aside and ordered a resale, which was noticed for June 3, 1933. Demands were made, as before, for sale by separate parcels. The sheriff offered the property in separate parcels, resulting in a total bid by Ford, for the entire property, of six thousand dollars. The sheriff then offered all of the mortgaged property in one parcel. Ford bid sixty-five hundred dollars. The sheriff accepted the latter bid, issued his certificate of sale, and made his return accordingly.

The Bradys all filed written objections, supported by affidavit. Counter-affidavits were filed by the Fords. Over the objections of the Bradys, an order of confirmation was entered August 17, 1933. No appeal was taken from that order. Sheriff's deed issued to Ford.

This action was brought by Edward Brady, Leota Brady, his wife, John Brady, and Helen Brady, to quiet title to the mortgaged property; to enjoin the sheriff from issuing deed to Ford; and to enjoin Ford from asserting any title to the property described in the mortgage. The action is predicated upon the theory that the resale made by the sheriff, and confirmed by the court, is void.

The defendants in this action pleaded the order of

confirmation as *res judicata.* The trial court sustained the plea and entered judgment dismissing the action. Plaintiffs appeal.

■ An order of confirmation is a final order, and therefore appealable. *Krutz v. Batts,* 18 Wash. 460, 51 Pac. 1054. It is a conclusive determination of the regularity of the sale as to all persons of whom the court has jurisdiction, in any other action, suit or proceeding whatever. Where there are no such errors as will oust the court of jurisdiction, the order of confirmation concludes inquiry into any irregularity attending it. *Parker v. Dacres,* 1 Wash. 190, 24 Pac. 192; *Terry v. Furth,* 40 Wash. 493, 82 Pac. 882; *Goshert v. Wirth,* 130 Wash. 14, 226 Pac. 124. In *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111, this court said:

"Having regard to the stability of real estate titles, an order confirming a sheriff's sale must be held to be more than a mere formal order. It is the solemn declaration of the court that the sale has been regularly and legally made, and those who would be in position to avoid the consequences of such order must pursue the method outlined by statute by making objections in time, so that the entry of the order may be prevented, or, if entered, may be reviewed by the appellate court if desired."

■ The issues tendered by the complaint as to the validity of the sale are predicated on the fact that the sheriff finally sold the property *en masse,* and not in parcels. Appellants contend that they have thereby been deprived of the right of separate redemption; that such result was brought about by fraud on the part of Ford in bidding upon the separate parcels as they were offered for sale. The total amount bid when the property was offered in parcels. was six thousand dollars; when it was offered as a whole, Ford bid sixty-five hundred dollars. The court found

that the amount bid was fair and adequate. The evidence supports the finding. We are unable to see any fraud in connection with the bidding or conduct of the sale.

Furthermore, except as to third parties having an interest in a portion of the mortgaged property, who demand sale in separate parcels, it is within the discretion of the sheriff to sell the property *en masse* or in parcels. *Otis Bros. & Co. v. Nash, supra; Brice v. Minshull*, 137 Wash. 70, 241 Pac. 667.

It is claimed, however, that John Brady and Helen Brady were third parties, in contemplation of Rem. Rev. Stat., § 583 [P. C. § 7906], and were, therefore, entitled to have the property sold in parcels. They were not third parties, in contemplation of the statute. *Bartlett Estate Co. v. Fairhaven Land Co.*, 56 Wash. 437, 105 Pac. 848. Besides, by interposing objections, they subjected themselves to the jurisdiction of the court. Their remedy was to appeal from the order of confirmation.

Appellants complain that the property was not sold "by the acre." They cite Rem. Rev. Stat., §§ 588 and 589 [P. C. §§ 7898 and 7899], as requiring farm land to be so sold. We do not find anything in these sections requiring farm lands to be sold in such manner. In any event, failure so to do would be an irregularity only. *Bartlett Estate Co. v. Fairhaven Land Co., supra.*

Appellants demanded a jury trial, which the court denied. They assign the ruling as error. Since appellants applied for injunctive relief, the case was of equitable cognizance. Appellants were, therefore, not entitled to trial by jury. *Millett v. Pacific Cider & Vinegar Co.*, 151 Wash. 561, 276 Pac. 863.

Judgment affirmed.

MAIN, BEALS, TOLMAN, and HOLCOMB, JJ., concur.