McCORD, BRADY & CO., APPELLEES, V. JACOB WEIL,
JR., ET AL., APPELLANTS.

[FILED FEBRUARY 17, 1892.]

1. **Receivers:** RIGHTS OF MORTGAGEES AND EXECUTION CRED-
ITORS. An insolvent debtor executed two or more chattel mort-
gages upon all his property to secure debts of the mortgagees
and a debt of a third party.   The mortgagees took immediate
possession, whereupon a judgment creditor, in whose favor an
execution had been returned unsatisfied, applied for a receiver.
The district court, upon the proofs before it, having appointed
such receiver, *held*, no error.

McCord v. Weil.

2. ———: FINAL ORDER: AN ORDER APPOINTING a receiver is a
final order which may be reviewed in advance of the main case,
overruling *McCord v. Weil*, 29 Neb., 682.

REHEARING of case reported 29 Neb., 682.

*Chas. A. Goss*, and *Churchill & Carr*, for appellants,
cited: *Feder v. Solomon*, 26 Neb., 266; *Dwight v. Over-
ton*, 35 Tex., 390; *Briggs v. Davis*, 20 N. Y., 15; 2
Blacks. Com., 326; *Leitch v. Hollister*, 4 N. Y., 211; *Chi-
cago Lum. Co. v. Fisher*, 18 Neb., 334; *Loeb v. Milner*,
21 Id., 392; *Knox v. Williams*, 24 Id., 630; *Studebaker
Mfg. Co. v. McCargur*, 20 Id., 501; *Fuller v. Schroeder*,
Id., 631; *Newlean v. Olson*, 22 Id., 717; *Lininger v. Her-
ron*, 23 Id., 197; *Hoffmann v. Mackall*, 5 O. St., 124;
*Mfg. Bank v. Bank of Pa.*, 7 W. & S. [Pa.], 335; *Hewitt
v. Huling*, 11 Pa. St., 27; *McBroon & Woods' Appeal*, 44
Id., 92; *Claflin v. Maglaughlin*, 65 Id., 492; *Nelson v.
Gary*, 15 Neb., 532; Burrill, Assignments, sec. 167; *Lin-
inger v. Raymond*, 12 Neb., 25; *Hamilton v. Lau*, 24 Id.,
64; *Rothell v. Grimes*, 22 Id., 526; *Leffel v. Schermer-
horn*, 13 Id., 342; *Shelly v. Heater*, 17 Neb., 505; *El-
wood v. May Bros.*, 24 Id., 373; *Grimes v. Farrington*,
19 Id., 45; *Davis v. Scott*, 22 Id., 157; *Cowles v. Rickets*,
1 Ia., 585; *Bonns v. Carter*, 20 Neb., 566; *Harkrader
v. Leiby*, 4 O. St., 602; *Dickson v. Rawson*, 5 Id., 218;
*Page v. Smith*, 24 Wis., 368; *Norton v. Kearney*, 10 Id.,
386; *Ray v. Gore*, 41 N. W. Rep. [Mich.], 329; *Kohn
Bros. v. Clement*, 58 Ia., 589; *Farwell v. Jones*, 63 Id.,
316; *Gage v. Perry*, 29 N. W. Rep. [Ia.], 822; *Van Pat-
ten v. Burr*, 52 Ia., 518; *Sargeant v. Watts*, 22 N. W.
Rep. [Wis.], 131; *Scott v. McDaniel*, 3 S. W. Rep. [Tex.],
291; *Gilbert v. McCorkle*, 11 N. E. Rep. [Ind.], 296;
*Aulman v. Aulman*, 32 N. W. Rep. [Ia.], 240.

*Montgomery & Jeffrey, contra*, cited: *Winner v. Hoyt*,
28 N. W. Rep. [Wis.], 380; *Woonsocket Rubber Co. v.
Falley*, 30 Fed. Rep. [Ind.], 808.

MAXWELL, CH. J.

This case was before this court in 1890 and was dismissed for want of a final order from which to appeal. A rehearing was granted, and after a careful review of the authorities we are of the opinion that an order appointing a receiver is a final order which may be reviewed in advance of the main case. This action is a creditor's bill brought by the plaintiffs against the defendants. The defendants answered separately. Afterwards the plaintiff, by leave of court, filed an amended petition and the original answers were permitted to remain on file as answers to the amended petition. In the amended petition the plaintiff prays for a receiver. The application was based upon affidavits and other evidence, and the court thereupon made an order appointing a receiver and in other respects as follows:

"On the 11th day of February, 1889, this cause came on for hearing upon the petition of plaintiffs, praying for an order, enjoining the defendants and each of them, as prayed in said petition, and for the appointment of a receiver to take charge of and sell the goods, wares, and merchandise and other personal property belonging to the defendant Jacob Weil, Jr., hereinafter described; upon consideration whereof, and of the affidavits of both parties filed herein, the court finds that the plaintiffs are entitled to an injunction and the appointment of a receiver, as prayed in said petition.

"It is therefore ordered that the defendants, and each of them, and all other parties claiming by or through them, or each of them be, and are hereby, enjoined from selling and disposing of the stock of goods, wares, and merchandise belonging to the defendant Jacob Weil, Jr., and consisting of staple and fancy groceries, canned goods, cigars and tobaccos, flour, fruits, vegetables, glassware, woodenware, and crockery, and all articles of merchandise kept

and owned by the defendant Jacob Weil, Jr., in the store-room and basement No. 1002 Saunders street, city of Omaha, Nebraska; also all store fixtures, furniture, show cases, scales, lamps, stoves, office desks, etc., counters and shelving, ice chest, oil and gasoline tanks, coffee mills and all other fixtures, etc., used in said store-building and basement and owned by the said defendant Jacob Weil, Jr.; also one white horse about nine years of age, named Charlie; one sorrel horse, about nine years of age, named Red; and one brown pony, about nine years of age, named Billy; also one double-decked delivery wagon, one single seat buckboard wagon, one set double harness, and one set single buggy harness, four horse blankets, one oil tarpaulin for wagon, and two hitching weights.

"It is further ordered, unless the defendants execute and deliver to the plaintiffs a bond with good and sufficient securities, conditioned that said defendants will pay or cause to be paid the judgment in favor of the plaintiffs, and against the defendant Jacob Weil, Jr., as set out in plaintiffs' petition, together with all the costs of this action in case the same shall finally be decided in favor of said plaintiffs, that Edgar Zabriskie be appointed receiver of said goods, wares, and merchandise, and of all the property heretofore described, and the sheriff is hereby directed to deliver the same to said receiver in case he is appointed as aforesaid, who is authorized and required, without unnecessary delay, to sell and convert into money said property in such manner as in his judgment will be to the best interest of all parties concerned, either by advertisement and a public sale thereof, or at private sale as in the ordinary course of business, and to turn said money into court.

"It is further ordered that before said receiver enters upon his duties in case said defendants fail to give the bond aforesaid he shall, as well as the plaintiffs herein, execute and deliver to the clerk of this court their undertaking, with Lewis S. Reed and Henry W. Yates as their sureties,

to the defendants in the sum of $3,700, conditioned according to law.

"It is further ordered that said receiver make a report of his doings in this behalf. The defendants having elected not to give a bond to the plaintiffs as above provided, the said Edgar Zabriskie is hereby appointed receiver subject to the conditions and with the powers as above set forth."

The question before the court is this, Was the district court justified in appointing a receiver? The plaintiffs in their petition set forth the indebtedness of Jacob Weil, Jr., to them, the recovery of a judgment, and the issuing and return of an execution unsatisfied. They also allege that certain transfers and conveyances of property by said Weil to his mother and others were fraudulent, and for the purpose of defrauding creditors. There is considerable testimony in the record tending to sustain this contention. Mrs. Weil, the mother of Jacob Weil, Jr., claims the property. The bill of sale is as follows:

"Know all men by these presents, that I, Jacob Weil, Jr., of the county of Douglas, and state of Nebraska, in consideration of $3,500, in hand paid by Caroline Weil, of Cleveland, Ohio, the receipt whereof is hereby acknowledged, do hereby sell and convey unto the said Caroline Weil the following goods and chattels, situate in the county of Douglas, state of Nebraska, to-wit:

"All and singular my stock of goods, wares, and merchandise, consisting of staple and fancy groceries, canned goods, cigars and tobaccos, flour, fruits and vegetables, glassware, woodenware and crockery, in fact all articles of merchandise kept and owned by me, situate in store-room and basement number 1002 Saunders street, city of Omaha, Nebraska; also all store fixtures, furniture, show cases, scales, lamps, stoves, office desk and safe, counters and shelving, ice chest, oil and gasoline tanks, coffee mill and other fixtures, furniture, etc., now used in said store-room and basement and owned by me; also hereby sell, assign,

set over unto said Caroline Weil, her heirs and assigns, all books of account and bills receivable, the same being upon the books in said business in said store-room, as fully and completely as though each account and bill receivable was by itself separately assigned; also one white horse, about nine years of age, named 'Charlie'; one sorrel horse, about nine years of age, named 'Red,' and one brown pony, about nine years of age, named 'Billy'; also, one double-decked delivery wagon, one single-seat buckboard wagon, one set double harness, and one set single buggy harness, four horse blankets, one oil tarpaulin for wagon, and two hitching weights.

"And I hereby covenant and agree to and with the said Caroline Weil, her heirs and assigns, that the above described chattels, goods, wares, and merchandise, and the said book accounts and bills receivable are now in my possession, are owned by me and are free from all incumbrance in all respects.

" To have and to hold the same forever, and I, the said Jacob Weil, Jr., will forever warrant and defend the same against all persons whomsoever, upon condition, however, that if the said Jacob Weil, Jr., shall pay to the said Caroline Weil, her heirs and assigns, his promissory notes described as follows, to-wit: One note dated on or about January 1, 1887, for $2,000, payable one year after date thereof, and one note of $1,000, dated along in March or April, 1887, due one year from date thereof, both of which notes are payable to Caroline Weil; also one note dated about October 1, 1888, payable one year from date thereof, with interest thereon, payable to Meyer Weil, with interest on all of said notes at the rate of — per cent per annum from date thereof until paid, according to the tenor thereof, then these presents to be void, otherwise in full force.

"And I, said Jacob Weil, Jr., do hereby covenant and agree to and with the said Caroline Weil, that in case of default made in the payment of the above mentioned prom-

issory notes, or in case of my attempting to dispose of or remove the same from Douglas county, Nebraska, the aforesaid goods, chattels, wares, merchandise, fixtures, furniture, books of account, or bills receivable, or any part thereof, or if at any time the said mortgagee or her assigns shall feel unsafe or insecure, then, and in that case, it shall be lawful for the said mortgagee or her assigns by herself or agent to take immediate possession of said goods, chattels, wares, merchandise, furniture, fixtures, books of account, and bills receivable wherever found, the possession of these presents being his sufficient authority therefor; and it is hereby expressly understood and agreed that said Caroline Weil may take immediate possession of said above described property and sell the same at private or public sale as in her discretion may seem best, or so much thereof as shall be sufficient to pay the amount due or to become due, taking, keeping, advertising, and selling of said property, together with a reasonable sum as an attorney's fee, the money remaining after paying said sums, if any, to be paid on demand to the party of the first part. Said sale to take place in the city of Omaha, Douglas county, Nebraska. In case of public sale said Caroline Weil shall give at least twenty days' notice of said sale by advertising in some newspaper printed in said Douglas county, Nebraska.

"Witness my hand and seal, this 14th day of January, 1889.                                        JACOB WEIL, JR.

"Witness:

"A. S. CHURCHILL."

In the amended petition it is alleged, in regard to the several mortgages executed by Weil, "that said alleged mortgages were made and delivered at the same time, were filed for record at the same time, and possession taken of the property under said instruments at the same time; that all the steps taken from the beginning leading up to the making of said instruments and since were a part of

the same transaction, and neither of said instruments was superior to the other, but both were on the same footing, and there was no arrangement as between them as to priority or order of payment; that in reality they are one instrument. In said instrument to Caroline Weil it was provided that it should secure the payment of a debt to a third party, one Meyer Weil, who is not made a party hereto, but is a beneficiary thereunder, and by said instruments the said Lee Rothschild and Caroline Weil become trustees for the said Meyer Weil, and thereby said instruments constituted an assignment for the benefit of the creditors of Jacob Weil, Jr., of all his property, and void because contrary to the assignment law of Nebraska." The testimony tends to sustain the allegations of the amended petition, and the case, so far as the assignment and the trust relation of the assignee, seems to be identical with that of *Bonns v. Carter*, 20 Neb.; 566.

The answer of Carolina Weil, duly verified, is in the record, but we find no affidavit made by her as to the amount loaned her son. There are affidavits of Jacob Weil, Jr., and others, and a number of these tend to sustain the claim of the plaintiffs for a receiver. The court seems to have been fully justified in making the appointment in question and the order must be

AFFIRMED.

THE other judges concur.