[No. 15469.   Department Two.   March 17, 1920.]

E. A. GRUNDEN, *Appellant,* v. CLARA CORNELL GERMAN, *Respondent,* TABLE MOUNTAIN COAL COMPANY, *Defendant.*[1]

CORPORATIONS (131)—ACTIONS BETWEEN TRUSTEE MEMBER AND CORPORATION—NOTICE TO OTHER MEMBERS.   The fact that a trustee of a corporation did not resign before suing upon and enforcing her claim against the corporation cannot be taken advantage of by other trustees, where all the trustees were served with summons, made no appearance and defaulted.

EXECUTION (45-1)—SALE—OPENING OR VACATING—ESTOPPEL.   A trustee of a corporation attending an execution sale of assets cannot allege inadequacy of consideration where he made no move or objection to confirmation, and so far as the record shows, the property was sold for the best price obtainable.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered February 18, 1919, dismissing an action to declare a trust, after a trial on the merits to the court.   Affirmed.

*Pruyn & Hoeffler,* for appellant.

*E. E. Wager,* for respondent.

MOUNT, J.—The object of this action was to have the defendant Clara Cornell German declared to hold title to a certain tract of land in trust for the stockholders of the Table Mountain Coal Company.   On a trial of the case, the court concluded that there was no fraud in the transaction, and that the defendant Clara Cornell German was the owner of the land in controversy, and for that reason the court entered a decree of dismissal. The plaintiff has appealed.

The facts, as shown by the appellant upon the trial, are, in substance, as follows:   In the year 1914, the appellant persuaded the respondent, Mrs. German, to

[1]Reported in 188 Pac. 491.

purchase one hundred and sixty acres of land belonging to the estate of A. A. Grunden, in Kittitas county. Mrs. German purchased this tract of land for a consideration of $1,400, because she was advised by the appellant that the tract contained a valuable vein of coal. After she had purchased the tract, a corporation was organized under the name of the Table Mountain Coal Company, and she conveyed the land to that company. The capital stock was nominally two hundred thousand dollars. One hundred thousand dollars of this stock was placed in the treasury for developing purposes and the other one hundred thousand dollars was divided equally between the appellant, Mrs. German and Mr. German. Mr. German afterwards died and Mrs. German received his stock. After the incorporation of the coal company, Mrs. German furnished funds for the purpose of developing the property. A shaft was sunk upon the property, and it was thereupon concluded that there was no coal there and nothing further was done toward developing the property as a coal mine. Thereafter, on September 1, 1916, the trustees of the corporation met in the office of the company at Seattle and proceeded to allow claims against the company. Mrs. German presented a claim for $605.41 for money advanced toward prospecting the property. The appellant presented a claim for $80.75. The attorney who prepared the articles of incorporation presented a claim for $100. All these claims were allowed and promissory notes of the corporation were executed and delivered to the claimants. After these notes became due, Mrs. German assigned her note to Mr. Barnard, who was the attorney who prepared the articles of incorporation, and Mr. Barnard thereupon brought suit on his note for $100, and Mrs. German's note for $605.41 against the corporation. All the trustees of the corporation, who constituted

all the stockholders of the corporation, were served with copies of the summons and the complaint. No appearance was made and a judgment by default was entered against the corporation for $789, being the amount of the two notes, with interest and attorney's fees. Thereafter, an execution was issued upon this judgment, and the tract of land originally purchased by Mrs. German and conveyed to the corporation was levied upon and sold to satisfy the judgment. The appellant knew of the sale and was in attendance thereon. The property was bid in by the judgment creditor for a little over $800. Thereafter the sale was confirmed, and Mr. Barnard conveyed the land to Mrs. German. Afterwards, this action was brought by the appellant to have the property declared to be held in trust by Mrs. German for the benefit of the corporation.

The appellant argues, in substance, that, because Mrs. German was a trustee of the corporation and did not resign as such trustee and notify all the other stockholders that she was seeking to enforce her note against the corporation, her conduct thereby was a fraud in law and that she must therefore be held to have acquired the property as a trustee for the corporation. Appellant quotes at length from the case of *Marr v. Marr,* 73 N. J. Eq. 643, 70 Atl. 375, 133 Am. St. 742, to that effect. The court in that case said:

"But we deem it clear that the director, who is also creditor, must, on taking legal proceedings for collection of his debt, relinquish his trust *pro hac vice,* not covertly, but openly, and with fair notice to his company. Whether such notice should be given to the stockholders or to the directors may depend upon circumstances. If the company is equipped with other officers and directors who are actively representing the interests of the stockholders, it may well be that notice to such officers or directors would be deemed

sufficient. But it is, as we think, inconsistent with the duty of a director (at least under circumstances such as are here presented) that he should assume an attitude antagonistic to his company, unless he sees to it that the interests of the stockholders, which he, by reason of his personal interest, is for the time disqualified from protecting, are in the charge of other officers and directors able and willing to protect them, and to whom his notice may be given, or else sees to it that fair notice of his contemplated action is given to the stockholders, so that they may take measures to protect themselves.''

Conceding this to be the rule, the proof is conclusive here that in the case brought by Mr. Barnard against the corporation upon the notes executed by the corporation to himself and to Mrs. German, notice was given to each of the stockholders personally. The appellant admits that he had notice of the suit; that he was served with a copy of the complaint and summons. He made no appearance in the case. He admits, also, that he was present at the sale of the property. It is difficult to understand what other notice could have been given. He and the other stockholders — there were but two of them in this case — had notice of the whole proceeding. The rule is that

''A director or other officer may become a creditor of a corporation and as such entitled to the same remedies as other creditors; . . .'' 7 R. C. L., § 451, page 470.

The respondent, Mrs. German, was a *bona fide* creditor of the corporation. Her claim was presented and allowed and approved by the trustees, of whom the appellant in this case was one. When her note became due, she assigned it for collection, and proceeded to collect it in the ordinary course as any other creditor, and gave notice to all the other stockholders of the

corporation. She was clearly entitled to enforce her claim in that way.

It is argued by the appellant that the property sold upon the execution was of the value of $2,500 to $4,000, and was bid in for a little more than $800; that this of itself indicated fraud because of the inadequacy of the price. It is plain that such conclusion does not follow. The appellant was at the sale and no doubt had the right to bid at such sale. As a trustee or stockholder in the company, he no doubt had a right to object to a confirmation of the sale because of inadequacy of the price. He made no move of that kind. So far as the record shows, the price was the best which could be obtained at a forced sale, and the appellant cannot now be heard to say that inadequacy of the price was any indication of fraud, especially where there were no other circumstances tending to show fraud.

The judgment of the superior court was clearly right and is therefore affirmed.

HOLCOMB, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.