GEORGE F. HOWELL, APPELLEE, V. WILLIAM F. POFF ET AL., APPELLANTS.

FILED MARCH 18, 1932. No. 28144.

*Gerald E. La Violette* and *Harry B. Fleharty*, for appellants.

*Frost, Hammes & Nimtz, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit in equity for an accounting and for the appointment of a receiver for the City Ice Company of Omaha, a solvent corporation engaged in manufacturing and selling ice. The shares of corporate stock were owned by George F. Howell and William F. Poff. Howell, plaintiff, was minority stockholder, director and secretary. Poff was controlling stockholder, director, president and manager. Poff, City Ice Company, and Poff doing business as Dundee Ice Company are defendants. The petition states a cause of action for an accounting. Alleged wrongs necessitating the appointment of a receiver are attributed by plaintiff to Poff and include fraud; engaging in hostile enterprises; making and retaining secret profits; misappropriation and conversion of corporate funds; neglect of duty; concealing data relating to busi-

ness transactions; failure to keep the manufacturing property in repair; permitting ice plant, equipment, machinery and buildings to deteriorate, thus causing waste and loss. The trial court heard the application for a receiver on the petition and on supporting and resisting affidavits and ruled in favor of plaintiff. Exercising a statutory right, Poff and the other defendants appealed from the order appointing the receiver. Comp. St. 1929, sec. 20-1090; *McCord, Brady & Co. v. Weil*, 33 Neb. 868.

It is contended by defendants that the City Ice Company has long been a solvent corporation making profits for its stockholders; that plaintiff accepted corporate earnings for years without complaining of the management, knowing as director and secretary what the president and manager had done, and consequently is not entitled to relief in equity; that alleged wrongs are denied, but, if found to exist, can be fully redressed without the appointment of a receiver; that no reason for taking the management away from the corporation has been shown; that more harm would result from a receivership than from future management by the corportion itself; that allegations of the petition, when contradicted by affidavits, as they are, should not be considered evidence on application for the appointment of a receiver; that the order appointing a receiver should be reversed. The contention that the City Ice Company is solvent and that its business is profitable seems to be well founded, but the other propositions submitted require attention.

A director of a corporation bears to it and its stockholders a fiduciary relation and is treated by courts of equity as a trustee. He is accountable as such and should refrain from all acts inconsistent with his corporate duties. *Nebraska Power Co. v. Koenig*, 93 Neb. 68; *Bodie v. Robertson*, 113 Neb. 408. The accountability of a director, president and manager of a corporation is determined by the strict standards of rectitude that bind a fiduciary. Poff was not entitled to profits beyond the earnings of his stock, proper compensation for services,

and expenses. It was his continuing duty as director, president and manager to keep an accurate account of the expenses and earnings of the corporation and to make the correct data available to stockholders. He was not entitled to make for himself secret profits from the business of the corporation. It was his duty to account for the results of his acts as a fiduciary without being asked. *Baird v. Lane,* 115 Neb. 413. These rules of equity and the duties of the managing officer and controlling stockholder of the corporation, and disregard thereof, may be considered with proof of other facts in determining the merits of the application for a receiver. The inquiry is directed to the discretion of the court and, except for an abuse thereof, the conclusion reached will not generally be disturbed on appeal. 4 C. J. 804.

Defendants take the position that the allegations of the petition, though positively verified by oath, when contradicted by affidavits, must be disregarded as evidence on the hearing of the application for a receiver. This position does not seem to be tenable. The course generally pursued has been outlined as follows:

"Ordinarily the evidence heard on a motion for the appointment of a receiver consists of the sworn pleadings of the parties and such affidavits or depositions as may, within the rules of practice, be offered on either side." 53 C. J. 64. See, also, *Farmers & Merchants Bank v. German Nat. Bank,* 59 Neb. 229.

The petition and affidavits on behalf of plaintiff tend to show the following summarized facts: In addition to the City Ice Company, Poff conducted for his own benefit an ice business in the name of the "Dundee Ice Company;" allowed and received unauthorized salary increases as president and manager of the City Ice Company; used corporate funds for his own individual purposes; entrusted to others the performance of duties devolving upon himself as manager; subjected the City Ice Company to penalties and high rates of interest by failing to pay taxes before they became delinquent; sold below cost to

himself, in the name of the Dundee Ice Company, ice belonging to the City Ice Company, thus making a secret profit resulting in a corresponding loss to the corporation of which he was president and manager; took ice at $3 a ton from the supply of the City Ice Company, though it was required to pay $4 a ton when compelled to buy ice to supply customers; used employees and equipment of the City Ice Company for the benefit of the Dundee Ice Company; failed to keep complete accounts of corporate transactions; impaired efficiency of the ice plant and caused waste and loss by neglecting to make necessary repairs; allowed the building and machinery to deteriorate for want of essential upkeep; unnecessarily closed the ice plant temporarily during hot weather when the demand for ice increased.

The facts summarized were stated in detail in the petition or in affidavits on behalf of plaintiffs. Though contradicted by affidavits resisting the application for a receiver, the showing by plaintiff seems to be the more convincing. The finding on appeal is that the showing on behalf of plaintiff was sufficient to justify the appointment of a receiver, but this conclusion will not determine any other fact upon a trial of the cause on its merits.

Defendants brought up also a record of proceedings on an application for an order dissolving the appointment of a receiver, but it is not a final order and presents nothing for review on this appeal.

AFFIRMED.