FRED E. BEAUMONT, APPELLANT, V. WILLARD M. FOLSOM, ET AL., APPELLEES.

285 N. W. 547

FILED APRIL 28, 1939. No. 30482.

*Beghtol, Foe & Rankin* and *W. E. Nolte,* for appellant.

*Field, Ricketts & Ricketts, contra.*

Heard before SIMMONS, C. J., ROSE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an action by a stockholder against the directors of a dissolved corporation, for an accounting and distribution of assets. Plaintiff has appealed from the dismissal of his petition.

The corporation was dissolved by action of its stockholders in 1933. It had owned two buildings on the southeast corner of Fifteenth and "O" streets, in the city of Lincoln, purchased in the boom period for $91,500, on which the rents, grossing $19,000 a year at their peak, had paid the upkeep and reduced the mortgage from $60,000 to $25,000. From 1928 on, however, the rents were insufficient

to carry the property, and the usual story of the depression followed. An extension was obtained on the mortgage. Tax sale certificates were issued against the property. The mortgagee complained of the tax defaults. Defendants Willard M. Folsom, Homer K. Burket and Harry J. Hall, the directors and majority stockholders, tried to get the other shareholders to join in a contribution sufficient to redeem from the tax sales, but all of them refused. Finally, in 1932, defendants Folsom, Burket and Helen E. Hall, daughter of Harry J. Hall, purchased the tax sale certificates from the holder and took an assignment in their own names, with an agreement that their lien was to be subordinate to the mortgage. The other stockholders, including plaintiff, were informed of what had been done and were invited to participate, but none of them would contribute.

In 1933, foreclosure was commenced on the tax sale certificates, and cross-petition was filed on the mortgage, which was then in default. Decree was entered for $26,279.87 on the mortgage and for $7,530.07 on the tax lien. The mortgagee offered to trade its decree for Beatrice Creamery Company stock, on a par value basis. Such stock, in an amount necessary to effect the trade, was then purchasable on the market for $15,000. The corporation was not in a position to take over the decree and pay the tax liens. In order to fortify their tax lien investment, defendants Folsom, Burket and Helen E. Hall purchased the necessary Beatrice Creamery Company stock and took an assignment of the mortgage decree. At sheriff's sale they bid in the property and had deed issued to them, which was duly recorded on July 23, 1933. All the stockholders, including plaintiff, were notified of the foreclosure, of the purchase of the mortgage decree, and of the sheriff's sale.

On August 8, 1933, a special meeting of the stockholders was held, and all appeared in person or by proxy. Plaintiff was represented by his son and by an attorney. Every stockholder, except plaintiff, voted to dissolve the corporation. Defendants Folsom, Burket and Hall advised of their

intention to form a new corporation and to convey title to it, and offered each stockholder the privilege of participating, on payment of his proportional share of the expenditures made. Neither plaintiff nor any other minority stockholder availed himself of the privilege. The stock in the new corporation was accordingly issued to defendants Folsom, Burket and Harry J. Hall. Conveyance was made to it of the property on September 11, 1933, and it has since owned and operated the building, with some further financial assistance from the shareholders in 1934.

This action was brought on September 7, 1937, against defendants Folsom, Burket, Harry J. Hall, his daughter Helen E. Hall, and the new corporation. Plaintiff contends that, in taking an assignment of the tax sale certificates, in instituting foreclosure upon them, in effecting a compromise with the mortgagee and taking an assignment of its decree, and in acquiring title to the property at sheriff's sale, the directors were trustees *ex maleficio* for the old corporation, and, on its dissolution, they became trustees of its assets for the benefit of plaintiff and the other stockholders, under sections 24-107 and 24-110, Comp. St. 1929. These sections constitute the directors of a dissolved corporation as trustees to liquidate its assets, pay its outstanding debts, and make distribution of any surplus among stockholders. The petition seeks to have the conveyance to the new corporation declared void on the ground that it took title with knowledge of the trust capacity of the directors; to obtain an accounting of the rents and profits from defendants Folsom, Burket and Hall; and to have the property liquidated and the assets distributed among the stockholders.

The trial court held that defendants Folsom, Burket and Hall had acted purely to protect their individual interests and investments, to the knowledge of plaintiff and the other stockholders, and only after the latter had refused to join in a contribution to assist the corporation; that, in taking an assignment of the tax sale certificates, bringing foreclosure thereon, obtaining an assignment of the mort-

gagee's decree, and becoming purchasers at the sheriff's sale, they had acted fairly, openly, in good faith, and without fraud or deceit; that under the circumstances they were entitled to purchase the property and take title thereto, notwithstanding that they were at the time directors of the corporation; and that no trust, therefore, arose, either expressly or by implication of law, in favor of the old corporation or its stockholders. Plaintiff's action was thereupon dismissed. Defendants' answer had offered plaintiff the privilege of still participating in the new corporation and acquiring his proportional share of stock, upon payment of its book value, computed on the actual cost to defendants. Pursuant thereto, the trial court found that the advances made by defendants equaled $53.80 per share as of January 26, 1938, and plaintiff was allowed the privilege of acquiring stock at this price, plus interest, for a sixty-day period after the decree.

On the merits of the case, this was the only decree that could fairly have been rendered.

Directors occupy, of course, a fiduciary relation to the corporation and its stockholders. *Howell v. Poff*, 122 Neb. 793, 241 N. W. 548. They must exercise the utmost good faith in any transaction touching their duties to the corporation and its property. 3 Fletcher, Cyclopedia Corporations (Perm. Ed.) sec. 850. Conduct tinged with any breach of faith or inconsistent with any duty will be readily condemned. *Nebraska Power Co. v. Koenig*, 93 Neb. 68, 139 N. W. 839. Dealings with respect to corporate property will be given most careful scrutiny. *Gorder v. Plattsmouth Canning Co.*, 36 Neb. 548, 54 N. W. 830. Any title acquired by a director may be set aside on even slight grounds. *Twin-Lick Oil Co. v. Marbury*, 91 U. S. 587, 23 L. Ed. 328.

This does not mean, however, that a court of equity will avoid every transaction involving corporate property to which a director is a party. A director is not prohibited from purchasing in good faith, an outstanding lien on corporate property, with the knowledge of the other stockholders, to protect his own investment, where the corpora-

tion is without financial ability to take up the lien, and the other stockholders have refused to join in a contribution for this purpose. *Steinbeck v. Bon Homme Mining Co.,* 152 Fed. 333, 81 C. C. A. 441. He is permitted also, in protecting the interest thus acquired, to bring foreclosure on the lien in regular course, and openly and fairly to purchase the property at judicial sale, particularly where he has given the other stockholders notice of each stage of the proceedings. *Horbach v. Marsh,* 37 Neb. 22, 55 N. W. 286; *Nipp v. Puritan Mfg. & Supply Co.,* 128 Neb. 459, 259 N. W. 53; 3 Fletcher, Cyclopedia Corporations (Perm. Ed.) sec. 875; 13 Am. Jur. sec. 1009. Under such circumstances, where his title is subsequently sought to be avoided, the facts that he has earnestly endeavored to get the stockholders to join in a contribution to relieve the financial distress of the corporation and to prevent a judicial sale, which they have refused to do, and that, on taking over the property, he has offered them the opportunity to participate in organizing a new corporation, on the same proportional basis as in the old, by payment of their share of the money expended, are rather strongly persuasive on the issue of good faith and fidelity to duty as a director. *Schrader v. Heinzelman Bros.,* 51 Ill. App. 31; *Appeal of Lusk,* 108 Pa. St. 152.

Tested by these principles, the evidence in this case does not justify a charge of unfairness or breach of trust on the part of the directors. They did not act hostilely to the other stockholders. On the contrary, they had sought, on repeated occasions, to get the stockholders to act concertedly to protect the property of the corporation. When the other stockholders refused to incur further financial risk, they were not obliged to sacrifice their own previous investment, but were justified in protecting it in the manner they did. After they had taken over the property, they offered to share any future advantage that might come out of their purchase, through participation in the new corporation. Four and a half years later, they still offered plaintiff the privilege of acquiring his share of the capital

stock. More could hardly be exacted of them without callousing the conscience of an equity court.

Plaintiff makes various contentions and interpretations of some of the circumstances and actions of defendants, with which we are unable to agree. He argues, for example, that defendants did not acquire title in protection of their tax liens because bid was made under the mortgage decree, and that, when sheriff's deed was issued, the tax liens were discharged and the right to protection or reimbursement in connection therewith was lost. Clearly, defendants took title to protect all the expenditures which they had made. They did not intend to donate the amount of the tax liens, either to the corporation or the other stockholders, and they did nothing which would permit plaintiff to stumble into any such position of inequitable advantage.

We deem it necessary to discuss only one other contention of plaintiff, and that is that defendants failed to sustain the burden resting on them as directors to prove that they had paid full value for the property. In a situation such as this, where the stockholder has had notice of the sale and an opportunity to bid; where he has not seen fit to make objection to confirmation; where no fraud or overreaching in connection with the sale is charged, and where no other controlling circumstances are present, the confirmation of the sale may be accepted as sufficiently establishing that the property was purchased for its full value under all the conditions. *Grunden v. German,* 110 Wash. 237, 188 Pac. 491.

We have chosen to dispose of the case on its merits and so need not consider the defenses of laches and the statute of limitations.

Defendants did not acquire or hold title as trustees for the stockholders of the old corporation, and plaintiff's petition is accordingly without equity.

AFFIRMED.