## MAXWELL v. ENTERPRISE WALL PAPER MFG. CO. et al.

### No. 2768.

District Court, E. D. Pennsylvania.

Oct. 7, 1942.

John D. M. Hamilton, of Philadelphia, Pa., for plaintiff.

David Bortin, of Philadelphia, Pa., for defendants.

WELSH, District Judge.

This matter is before the court upon motion of the defendants to vacate an order appointing temporary receivers for the Enterprise Wall Paper Manufacturing Company. The appointment was made ex parte upon the facts alleged under oath in the bill of complaint filed, the affidavit of Marie A. Walsh in support of the application, and on motion of complainant's counsel.

Defendants' motion to vacate is based upon the contentions that (1) the plaintiff has no standing to bring this action because he has failed to first demand redress through the corporate directors or stockholders, (2) the receivers should not have been appointed in the absence of a showing that the business of the defendant corporation is jeopardized or threatened with imminent loss, and (3) the plaintiff is estopped by laches and by the fact that he does not come into equity with clean hands. An examination of the bill and affidavits does not disclose facts or circumstances which would justify a summary determination of the question of estoppel, and the disposition of the motion to vacate must therefore be based upon a determination of the remaining questions: Has the plaintiff sufficiently complied with Rule 23 of the Rules of Civil Procedure? Do the facts and circumstances alleged in the bill and affidavits justify the exercise of the court's discretion in favor of appointing receivers?

The Rules of Civil Procedure, rule 23(b), require, as a condition precedent to the bringing of a minority stockholder's action on behalf of a corporation, that he first seek action by the directors to correct the wrongs complained of, and that he shall set forth "with particularity the efforts of the plaintiff to secure from the managing directors or trustees, and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." This provision and its predecessor (old Rule 94) have been frequently construed by the courts which hold generally that in order to permit a shareholder to conduct litigation on behalf of a corporation, he must show to the satisfaction of the court that he has exhausted all means within his reach to obtain redress or action through the corporation. He must make an earnest effort to induce remedial action by the managing body of the corporation, and if this is not done he must show why it could not be done. Hawes v. Contra Costa Water Co., 104 U.S. 450, 26 L.Ed. 827.

The bill of complaint avers that "this plaintiff has neither demanded nor requested nor attempted to secure from the managing directors or officers of the defendant Pennsylvania corporation any action for the benefit of said corporation with regard to the matters and facts hereinafter set forth * * *", that such action on the plaintiff's part would have been "useless, nugatory, unavailing and futile", and it alleges more particularly that the defendant, Philip Isaacs, and his relatives held the majority of the stock, by reason of such stock ownership and his domination and control, he had been able to control the election of directors and officers, had completely controlled the management and administration of the business and the determination of policy, he has not called and does not permit corporate meetings to be called, the last meetings, with one exception, having been held five years previous. It is also averred that demand upon the officers and directors would have required the defendants, Philip and Julius Isaacs, in their official capacity to institute action against themselves as individuals and that if such action were successful, it would result in judgments against those defendants, which would be collectible out of their property, and that in any event if the directors had felt the necessity of instituting such action, Philip Isaacs would by his domination so control the directors as to avoid such action.

The plaintiff contends that such averments constitute sufficient legal reason for his failure to make an effort to secure redress through the managing directors, and that these circumstances bring the case within the exception to the rule re-

quiring a demand upon the corporate managers as a condition precedent to the suit.

■ In a case involving a like question concerning prior Equity Rule 94, the directors were alleged to be under the absolute control and domination of the defendant by reason of his having possession of the majority of the stock and control of the action of the stockholders, and that appeals to such directors for action would have been futile. The bill showed that the directors were hostile and demands upon them would be idle and nugatory and the complainants were not required to appeal to the stockholders who could not grant relief, and that even if such power existed, the stockholders could not oust the directors from office before the expiration of their terms. It was held that the bill satisfied the requirements of the rule, which is intended to have practical operation and to have that, it must as to its requirements, be given such play as to fit the conditions of the different cases. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606. Failure to demand corporate action was excused in Hyams v. Calumet & Hecla Mining Co. et al., 6 Cir., 221 F. 529, where it was shown that demand upon the directors or stockholders would have been unavailing, and in Ogden et al v. Gilt Edge Consolidated Mines Co. et al., 8 Cir., 225 F. 723, where it was shown that the interests of the directors were antagonistic to those of the corporation. The cases quite adequately indicate that "it is within the power of the court to decide in every instance upon the facts shown in the pleadings whether a request to secure the action desired would have been an idle ceremony." Shimer et al. v. Milton Mfg. Co. et al., D.C., 10 F. Supp. 943, 944. These and other authorities examined seem to justify the conclusion that the averments of the bill of complaint sufficiently excuse the plaintiff from demanding remedial action by the corporate directors and stockholders as a condition precedent to the institution of the present suit.

The defendants contend that the bill of complaint avers no more than the misappropriation of funds for which an accounting is demanded, removal of records, and the domination of the company, and that the remedy of the plaintiff is a simple accounting, without any necessity for resorting to the fiction of receivership in aid thereof. It was also argued that there is not shown any threat of imminent danger or of irreparable injury which would render it necessary for the court to appoint receivers in the granting of the redress to which the plaintiff may be entitled.

■ It has been held generally that to justify the appointment of receivers, there must be affirmatively shown "some action or threatened action of the managing board of directors or trustees of the corporation which is beyond the authority conferred on them by their charter or other source of organization; Or such a fraudulent transaction, completed or contemplated by the managing directors, * * * as will result in serious injury to the corporation, or to the interests of other shareholders; Or where the board of directors, or a majority of them, are acting for their own interest, in a manner destructive of the corporation itself, or of the rights of the other shareholders; Or where the majority of shareholders themselves are oppressively and illegally pursuing a course * * * which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity. Possibly other cases may arise in which, to prevent irremediable injury, or a total failure of justice, the court would be justified in exercising its powers, but the foregoing may be regarded as an outline of the principles which govern this class of cases." Hawes v. Contra Costa Water Co., supra [104 U. S. 460, 26 L.Ed. 827]. The courts will not take the property of a corporation out of the possession of its owner at the suit of a minority stockholder without there being a very grave necessity therefor (Wood v. York Railways Co., D.C., 3 F. Supp. 666), nor will a receiver be appointed where to do so would work irreparable injury to the rights and interests of others and where a greater injury will probably result from the appointment than if none were made. McDougall et al. v. Huntingdon & Broad T. R. R. & Coal Co., 294 Pa. 108, 143 A. 574.

■ The averments of the bill, however, impress the court as being very grave charges, and if proven they would undoubtedly lead to the conclusion that the business and its assets are in actual jeopardy and that the stockholders and the corporation are faced with the hazard of injury and losses which are irreparable. "When irreparable injury is spoken of, it is not meant that the injury is beyond

the possibility of repair, or beyond the possibility of compensation and damages, but it must be of such constant and frequent recurrence that no fair or reasonable redress can be had therefor in a court of law." Donovan v. Penna. Co., 199 U.S. 279, 26 S.Ct. 91, 99, 50 L.Ed. 192, quoting from an opinion of the Supreme Court of Illinois.

It is charged that the defendant managers of the business have engaged extensively in nepotism to the disadvantage of the corporation, the payment of salaries to persons not rendering services, the withdrawal of funds by means of false expense accounts carried in the names of fictitious or unknown persons, the application of such funds to the individual use of the defendants, the diversion of profits from a successful branch of the corporation, the sale of goods to affiliated companies principally owned by the defendants at unreasonably low prices, below cost or without charge, the removal of books and records, the concealment of transactions entered into by or on behalf of the corporation and the continuation of such course of conduct. These are the things for which relief is sought. They involve fraud and, continuing mismanagement. They indicate the jeopardy in which the corporation and its minority stockholders are found, and conclusively show that there is a probability of irreparable loss to the corporation and its stockholders. The bill seeks redress in the form of an accounting for the previous wrongful actions and such further remedy as may be appropriate to restrain the continuing mismanagement and wrongful conduct. Such conduct and mismanagement constitute fraud affecting the affairs of the corporation such as would if continued result in disaster or ruin to the corporate enterprise, and equity may properly grant relief inasmuch as there is no other adequate legal remedy.

The fact that the corporation is solvent and prosperous is unimportant if it be shown that the corporation is being mismanaged by the continuing actions of the present managers, and the stockholders' interests are being adversely affected. The facts averred in the bill and supporting affidavit show more than isolated instance of defalcation or wrongdoing and, taken together, present a picture of gross mismanagement of the corporation for the benefit of the defendants, and the probability of further disaster to the corporation and its affairs. Hostile enterprises engaged in by stockholders for the purpose of making and restraining secret profits, misappropriation and conversion of corporate funds, neglect of duty, concealment of business data and transactions, and like conduct have justified the appointment of a receiver, and as to the propriety of such appointment it has been held that in such issue "the inquiry is directed to the discretion of the court and, except for abuse thereof, the conclusion reached will not generally be disturbed on appeal." Howell v. Poff et al., 122 Neb. 793, 241 N.W. 548, 549.

Although "the appointment of a receiver without notice is entirely a matter of judicial discretion" (Tennessee Pub. Co. v. Carpenter, 6 Cir., 100 F.2d 728, 732) there are numerous cases suggesting that the court should proceed cautiously in the first instance, that such receivers should not be appointed ex parte without notice except in the most urgent cases, and that receivership must be justified by the existence of actual emergency. All of these considerations have been taken into account in the exercise of the discretion which prompted the appointment of the present receivers, and upon review of the circumstances as alleged the impression persists that a real urgency exists, the affairs of the corporation and stockholders are in jeopardy, and unless receivers are placed in charge to conserve the corporate assets, to remove them from the possibility of further dissipation and mismanagement, concealment, defalcation or other improper dealings, great and irreparable damage might result.

Upon completion of the foregoing opinion and just prior to its filing, the defendants, by an order lodged with the clerk, withdrew the motion to vacate the order appointing temporary receivers. It therefore becomes unnecessary, as a matter of procedure, to dispose of the issues raised by the motion and the arguments of counsel. The court believes, however, that it may be proper and of some benefit to include the opinion as part of the record, with the view to further describing the impressions and legal principles upon which the appointment of temporary receivers was based.